## MAHON v. MAHON'S Administrator.

Where an action is begun in the name of an administrator, and before its determination he dies, and the name of an administrator, *de bonis non,* is substituted as plaintiff, objections to the manner of the appointment of the latter can not be noticed in this Court, unless they were properly brought to the attention of the Court below.

After an action has been dismissed by the plaintiff, and then reinstated upon the docket, the voluntary appearance of the parties to the action, and submission of it for trial to the Court, amount to a waiver of the dismissal.

Where a Court gives time to file a bill of exceptions, and the same is not filed within the time given, it will not be considered as forming any part of the record, in this Court.

APPEAL from the *Huntington* Circuit Court.

WORDEN, J.—This was an action commenced by *Mahala*

*Mahon*, administratrix of the estate of *Archibald Mahon*, deceased, against the appellant. During the progress of the cause, the death of *Mahala* was suggested, and *Myron F. Barbour* was substituted, as plaintiff. The cause proceeded in the name of *Myron F. Barbour*, administrator of *Archibald Mahon*, as plaintiff. The action was brought upon promissory notes executed by the defendant, to the plaintiff's intestate. Issues were formed in the cause, and tried by the Court, resulting in a finding and judgment for the plaintiff.

Among the errors assigned, is this: That after the death of *Mahala* was suggested, there was no party plaintiff in Court who could prosecute the suit. This objection comes entirely too late. If *Barbour* had not been duly appointed administrator, *de bonis non*, of the estate, the objection should have been made, in some form, below, which was not done.

Another error assigned, is, that the action had been once dismissed by the plaintiff below, and there was no order reinstating it.

The original record, filed in this Court, shows that the plaintiff dismissed the action. An amended transcript, however, sent up on *certiorari*, which purports to be a full and complete transcript of the proceedings, does not show such dismissal. But, taking the original transcript as our guide, there is no error in this respect, for, after the entry of dismissal, the parties voluntarily appeared to the action, and submitted it for trial to the Court. This was a waiver of the dismissal. *Bosley* v. *Farquar*, 2 Blackf. 61. *Wilson* v. *Coles*, *Id.* 402. *Clark* v. *The State*, 4 Ind. 268.

The other errors assigned, are based upon matters that can only appear by bill of exceptions.

The motion for a new trial was overruled, and judgment entered, on or about the 20th of September, 1860, and sixty days were given to file a bill of exceptions. The bill of exceptions in the cause, was filed, as the clerk certifies, on

the 11th of January, 1861, and not being filed within the time limited, it constitutes no part of the record.

*Per Curiam.*—The judgment below is affirmed, with costs.

*D. D. Pratt* and *D. P. Baldwin,* for the appellant.

*John R. Coffroth,* for the appellee.