### Thomas J. Berry v. Charles Reed (Sheriff) and Charles S. Miller.

1. *Pleading a Judgment.*—A judgment or transcript thereof is not a written instrument which must be filed with and become a part of a pleading which sets up such judgment ; and if it is filed with the pleading it cannot be considered in determining the sufficiency of the averments.

2. *Lien of Judgments in Other Counties.*—The transcript of a judgment filed in another county, under the provisions of the code, does not create a lien against subsequent purchasers in good faith and without notice, unless recorded and entered in the judgment docket.

Filed May 23, 1881.

Appeal from Jay Circuit Court.

Record inaccessible.

Opinion of the court by Mr. Justice Woods.

Action to enjoin the sale of certain real estate.   The appellant, who was the plaintiff, claimed title in fee by a general warranty deed of September 2, 1872.   It is further averred in the complaint that the defendant, Sylvester Miller, on the 18th day of October, 1877, caused an execution to issue out of the clerk's office of the Randolph Common Pleas Court, on a pretended judgment of said court, against John Garland and William Garland in favor of said Miller for $640.42, with interest and costs, directed to the sheriff of Jay county, wherein said land is situate, which execution was placed in the hands of the defendant, Charles Reed, sheriff of said county of Jay, and was by him, on the 15th day of November, 1877, levied on the undivided one-half of said real estate, and advertisement of sale thereof made for the 22d day of December, 1877, to satisfy said execution.   That said judgment is invalid as against said William Garland, because rendered without notice, and without appearance or answer on his behalf.   That said judgment is in no way a lien on the land of the plaintiff herein before described, nor is said execution a lien thereon or on any part thereof.   That the appellants are intending to sell, and will sell, the same by virtue of said writ, unless restrained, and will so cast a cloud on the title of the plaintiff.   Wherefore, etc.

A demurrer for want of facts was filed to this complaint ; and

the death of Sylvester Miller having been suggested, and his heirs at law made defendants, said demurrer was overruled. No exception. The defendants answered by a general denial, and by a special plea, in substance as follows: That in July, 1869, said Sylvester Miller, since deceased, obtained a judgment against John Garland and William Garland in the Court of Common Pleas of Randolph county, Indiana, for the sum of $640.42, which remains unpaid, unsatisfied and in full force. That said William and John Garland appeared to said action in person and by attorney, and filed an answer therein, on which issues of fact were formed and tried by the court, as appears of record remaining in said court, a transcript of which proceeding and judgment is filed herewith. That on the 25th day of March, 1871, a duly certified transcript, under the hand and seal of the clerk of said court, of said judgment was filed in the clerk's office of the Circuit Court of Jay county, Indiana; that is to say, in the office of the acting clerk of the court of common pleas of said county.

That said William Garland, on the 25th day of March, 1871, and for a long time thereafter, held and owned by deed in fee simple the land described in the complaint, and said judgment was a lien on the land so owned and held by said William Garland at the time it was conveyed to the plaintiff. Wherefore, etc.

The plaintiff demurred to this answer for the want of facts, and saved an exception to the overruling thereof. Whereupon the plaintiff filed a reply in four paragraphs, the first being a general denial and the second, to which a demurrer was sustained, over the plaintiff's exception, being substantially as follows: It is admitted that said William Garland owned said land on the 25th day of March, 1871, and thence forward until the 2d day of September, 1872, but that on said last named day the plaintiff purchased the same of Peter W. Bishop, who purchased the same of said Garland without any notice whatever of said pretended lien mentioned in the said second paragraph of answer or of any pretended transcript filed in the office of the clerk of the circuit or common pleas court of Jay county, Indiana, and the plaintiff avers that at the time he purchased said land of said Bishop he made, and caused to be made, a full and complete examination of the records of the office of the

clerk of said county and of said courts and found no entry or memo-
randum of the filing or record of said transcript on the judgment
dockets, order books or any of the records in the office of said clerk,
and avers the truth to be that there never was any entry or memo-
randum on any of the records of said county of the filing of said
pretended transcript.

The appellees have assigned cross errors upon the overruling of
their demurrers to the complaint and to the third and fourth para-
graphs of the reply, but have favored us with no brief thereon, or
in reference to the errors assigned by the appellants. The cross
errors are therefore waived, and if any thing to the advantage of
the appellees in the case shall be overlooked by the court, the
blame must rest with themselves. We do the best we can to reach
a just and lawful conclusion on every question, but it cannot fairly
be asked or expected of us that in behalf of parties, who do not
even so much as make a suggestion or citation to aid us, we will, in
the press of business which is upon us, employ the labor and zeal
of hired attorneys in order to serve or present their interests.

The appellant contends that the second paragraph of the an-
swer is bad and the demurrer thereto should have been sustained
because the transcript of the judgment and proceedings which is
filed therewith shows that William Garland was not served with
process, and did not waive service in any way. The plea does not
rest on this transcript and its sufficiency is not affected thereby, but
must be determined by its own averments. So considered, the an-
swer is clearly good. Indeed the appellant does not claim other-
wise.

That a judgment or transcript thereof is not a written instru-
ment which must be filed with and become a part of a pleading
which sets up such judgment, has been repeatedly decided by this
court; and it is equally well settled that if filed with the pleading,
the transcript or copy of the judgment forms no part of it, and
cannot be considered in determining the sufficiency of the aver-
ments.

The answer was good, and so also was the reply. The code
contains the following provisions:

Sec. 527. All final judgments in the supreme and circuit courts,
and courts of common pleas for the recovery of money or costs

shall be a lien upon real estate and chattels real, liable to execution in the county where the judgment is rendered for the space of ten years after the rendition thereof, and no longer, exclusive of the time during which the party may be restrained from proceeding thereon by any appeal or injunction, or by the death of the defendant, or by the agreement of the parties entered of record.

Sec. 528. It shall be the duty of the clerk of the court rendering judgment, to make out a certified copy thereof, under the seal of the court, at the request of any party interested, which copy, if taken from the circuit or superior court, may be filed in the office of the clerk of any circuit court, and if taken from the common pleas, in the office of the clerk of any court of common pleas of this State, and when so filed, shall be recorded and entered in the judgment docket in the same manner as judgments rendered in such court.

Sec. 529. Such judgment from the time of filing the copy aforesaid shall be a lien on all the real estate of the judgment debtor situated in the county where filed, as fully as if such judgment had been rendered therein.

The appellant contends, and we think correctly, that under these provisions it is necessary that the copy or transcript of a judgment be not only filed, but also recorded and entered in the judgment docket, in order to constitute notice of the lien thereby acquired as against subsequent purchasers without notice thereof. As between the immediate parties to the judgment, and as to all who have notice, it is doubtless proper to hold that the judgment constitutes a lien from the time of filing the copy of the judgment, and that the failure of the clerk to enter and record the judgment in the judgment docket cannot defeat the lien; but to apply this rule to purchasers without notice, would open the way to great injustice and fraud, and would bring the title to real estate into such uncertainty as would greatly impede the transfer thereof. The plain intent of the law-makers was that the filing and recording provided for in section 528, should be substantially cotemporaneous acts, and where by the next section it was enacted that the judgment should be a lien from the time of filing, it was meant, as against subsequent purchasers without actual notice, that a judgment filed, recorded and docketed as required in the previous section should be a lien.

This construction is in some degree supported by the doctrine laid down in Freeman on Judgments, sec. 343, wherein it is said " that while judgments are for other purposes valid as soon as rendered, they do not become liens upon real estate, at least against subsequent purchasers without notice until docketed. Such purchasers are not bound to examine for judgment liens further than to look into the proper dockets. If the clerk or prothonotary fails to make the proper entries in his docket, the only remedy of an aggrieved judgment creditor is by action against the officer." By section 527 of the code, quoted *supra*, judgments are a lien in the county where rendered from the date of rendition, and by section 513 the clerk is required, within thirty days after each term of the court, to enter on a docket, in alphabetical order, a statement of each judgment rendered at such term, and by section 516 is made liable for neglecting to make the entry, to any person injured for the amount of damages sustained by such neglect. Under these provisions, the purchaser of real estate, for thirty days after the close of a term of court, is bound to look to the order books for the judgments rendered at such term, and such may be the rule, even after the expiration of the thirty days. The purchaser may be the one who must look to the clerk for damages for his neglect to make the proper entries in the judgment docket. The more reasonable rule, however, would seem to be to require the judgment plantiff to look to such relief. He knows, or may fairly be presumed to know, of his judgment and has it in his power to guard his interests therein, by seeing that the clerk properly dockets his judgment in the time prescribed ; and if he neglects to do so, should not complain if his lien is lost as against a purchaser without notice, who had no means of protecting himself. But deciding nothing as to the lien of judgments in the counties where rendered, and where, in every case, there is record in some form which is accessible to every purchaser, and confining our decision to the case before us, we hold that the transcript of a judgment filed in another county under the provisions of section 528 and 529 of the code, *supra*, does not create a lien against subsequent purchasers in good faith, without notice, unless recorded and entered in the judgment docket.

It follows from this conclusion that the court erred also in excluding the evidence offered by the appellant to show that the

transcript of the judgment had not been entered and recorded as required in the judgment docket of the Jay common pleas, and that the plaintiff had made and caused to be made an examination of said records and dockets and did not find an entry, nor in fact know, of said judgment.

A consideration of the other points suggested by the counsel for the appellant has become unnecessary.

The judgment of the circuit court is reversed, and the cause remanded with instruction to overrule the demurrer to the second paragraph of reply.

Costs accordingly.