No. 9250.

The State, ex rel. Davis, *v.* Record et al.

Judgment.—*Lien of.—Transcript.*—Under the provisions of sections 528 and 529, 2 R. S. 1876, p. 234 (R. S. 1881, sections 610 and 611), the transcript of a judgment filed in a county other than that where rendered does not create a lien on real estate in such county against subsequent purchasers thereof in good faith, without notice, unless recorded and entered in the judgment docket of the court of such county.

From the Morgan Circuit Court.

*W. S. Shirley, M. G. McLain* and *J. P. Baker,* for appellant. *J. H. Jordan,* for appellees.

BICKNELL, C. C.—This was an action against the clerk of Morgan county and his sureties, upon the official bond of the clerk.

A demurrer to the complaint for the want of facts sufficient, etc., was sustained; judgment was rendered against the plaintiff upon the demurrer, and he appealed, alleging that the demurrer was erroneously sustained.

The State, *ex rel.* Davis, *v.* Record *et al.*

The complaint states that Willis Record was clerk of the Morgan Circuit Court from October, 1872, to October, 1876, and that with the other defendants he executed the bond sued on, which was duly approved by the county board.

The breach assigned is that one Bell had a judgment in the superior court of Marion county, Indiana, against Ainsworth and others, upon which Cornelius Howell became replevin bail. That in September, 1876, Bell had a duly certified transcript of said judgment filed in the office of said clerk of the Morgan Circuit Court, which transcript said clerk copied upon the order book of the court, but failed to enter it in the judgment or execution docket, and failed to index it. That in February, 1877, Howell, the replevin bail, became the owner of land in Morgan county, worth $5,000, and sold it to Helen Ainsworth, who paid him for it. That in June, 1877, Helen Ainsworth and her husband sold the land to the plaintiff relator for $3,000, which he paid; but before he bought he searched the records of said clerk's office, and could not find said judgment, because it was neither docketed nor indexed, and he was "certified and informed" by said clerk, that there were no liens upon said land of record in his office. That said relator had no knowledge of such lien, nor of the filing of such transcript, but believed there were no liens upon the land, and therefore bought it.

That in June, 1879, said Bell, the judgment plaintiff, had an execution issued to the sheriff of said Morgan county upon said judgment and replevin bail, and the sheriff levied the same upon said land, and sold the land thereupon to said Bell for $983.68, and gave him a certificate of purchase. That said judgment defendants and the bail, and Ainsworth and wife, are all wholly insolvent.

The complaint claims that, by the failure of the clerk to enter said judgment on the judgment docket and index it, the plaintiff, the appellant, has been damaged $1,500; wherefore, etc.

The demurrer admits the facts stated in the complaint; the

plaintiff's relator, therefore, was a bona fide purchaser without notice.

Although as to the immediate parties thereto, and as to all who had notice, the judgment became a lien upon the land of the defendants and of the bail in Morgan county, upon the filing of the transcript in the clerk's office there, yet, as to subsequent bona fide purchasers without notice, it would not become a lien until entered upon the judgment docket, as required by the Practice Act, sections 528 and 529. This was decided in the cases of Berry v. Reed, 73 Ind. 235, and Bell v. Davis, 75 Ind. 314. It follows, that the plaintiff's relator has not been injured by the alleged neglect of the clerk; his land has been sold upon a judgment which was not a lien upon it, as against him. The complaint shows that the judgment creditor has lost his lien by the negligence of the clerk, but does not show any injury sustained by the plaintiff's relator.

There was no error in sustaining the demurrer to the complaint.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.