Filed Nov. 20, 1883.

---

No. 10,120.

## DUFOUR ET AL. *v.* KIOUS.

JUDGMENT.—*Costs.*—*Transcript.*—*Lien.*—A general judgment for costs of the suit carries all costs accrued of the party in whose favor the judgment is rendered, as well as such costs afterwards accruing, whether an amount be specified in the judgment entry or not, and a transcript of such judgment filed in the clerk's office of another county, and recorded and entered in the judgment docket, as specified in sections 610, 611, R. S.

---

Dufour *et al. v.* Kious.

---

1881, makes such judgment a lien on the debtor's lands in the latter county for the whole amount embraced thereby, though such amount be in no manner specified.

From the White Circuit Court.

*W. F. Hays, J. D. Works* and *J. ·A. Works,* for appellants.
*A. W. Reynolds* and *E. B. Sellers,* for appellee.

BLACK, C.—The appellee sued the appellants Abner P. Dufour, Eliza M. Dufour and James Hay, sheriff of White county.

The complaint alleged that on the 17th day of August, 1878, in an action then pending in the Switzerland Circuit Court, wherein Charles A. Clarkson and Mary· E. Scandritt were plaintiffs and said Eliza M. Dufour and others were defendants, said Abner and Eliza recovered a judgment against said Clarkson and Scandritt for partition of certain real estate and costs; that on the 29th of August, 1881, an execution for costs amounting to $277.50 was issued on said judgment to the sheriff of White county, against the property of said Clarkson and Scandritt, the appellee Hay then and still being sheriff of said county; that he levied said execution on certain land described, in said county of White, which levy was endorsed on said execution; that said sheriff, in pursuance of said levy, advertised that on the 5th of November, 1881, he would, by virtue of said execution, sell the premises so levied upon at public auction, at the door of the court-house in Monticello, Indiana, for the satisfaction of said execution and costs; that long prior to the receipt of said execution by said Hay, the appellee was, and he ever since had been and still was the owner in fee simple in his own right of said real estate so levied upon; that there was no amount of costs fixed or adjudged by the court in the judgment in said cause, except the sum of $275, which was paid September 10th, 1878; that a transcript of said judgment was filed and recorded in the clerk's office of White county, on the 23d of August, 1878; that said transcript did

not then or at the commencement of this suit include any sum for costs, nor did the clerk's certificate state the amount of the costs, nor was there any sum taxed therein or thereon, except the amount herein stated and alleged to have been paid; that the records in the clerk's office of White county did not show the amount of costs or any costs, except as herein stated.

Prayer that said levy be set aside, and for a temporary injunction and a perpetual injunction. The complaint was verified and an undertaking was filed. A temporary injunction was granted.

The appellants demurred to the complaint for want of sufficient facts. The demurrer was overruled, and the appellants having elected to stand by their demurrer, judgment was rendered against them.

The only question before us is that raised by the demurrer to the complaint.

The judgment for costs rendered in the Switzerland Circuit Court did not constitute a lien on land in White county, and if such land, owned by a judgment defendant at the time of the rendition of the judgment, were afterward conveyed without fraud, which ought not to be presumed, and the appellee became the owner thereof before the levy of an execution thereon, the land would not be liable to sale on such an execution, if the statutory mode of making a judgment rendered in a court of one county a lien on land in another county had not been pursued before the transfer of the land from the judgment defendant.

A judgment so rendered in one county may be made a lien on real estate of the judgment debtor in another county, as fully as if such judgment had been rendered in the latter county, by filing in the office of the clerk thereof a certified copy of the judgment, and causing it to be recorded and entered in the judgment docket, as provided by sections 528, 529, code of 1852; sections 610, 611, R. S. 1881.

If the judgment of the Switzerland Circuit Court was so

made a lien on the land in question it would be liable to sale on the execution mentioned, though before the receipt of the execution in White county the appellee had become the owner of the land without fraud. *Berry* v. *Reed,* 73 Ind. 235; *Bell* v. *Davis,* 75 Ind. 314; *State, ex rel.,* v. *Record,* 80 Ind. 348.

It is not necessary, in a judgment for costs, to specify their amount or any portion thereof, and if judgment be rendered against one for the costs of the action, and a definite sum be specified in the entry, either as the amount of the costs or as for a particular item thereof, it will not, therefore, follow that the judgment debtor is not further liable for costs. The judgment will embrace those costs which have not yet accrued at the time of its rendition as well as those then accrued. *Palmer* v. *Glover,* 73 Ind. 529; *Pittsburgh, etc., R. W. Co.* v. *Town of Elwood,* 79 Ind. 306.

The complaint, prepared for verification, was carefully drawn. Unless it presented ground for invoking the strong arm of equity, the defendant should not have been put to his answer, though thereby he might easily have removed all the obscurity of the complaint, and shown clearly the existence of facts which should have been negatived by the complaint.

The complaint showed that the sheriff had levied the execution on land owned by the plaintiff, and which he had owned before the receipt of the execution by the sheriff. It was alleged that the judgment on which the execution issued was one for costs rendered against persons not parties to this action; that the judgment was rendered on the 17th of August, 1878; that on the 23d of the same month a transcript of said judgment was filed and recorded in the clerk's office of White county. It was not alleged that the land levied on was not owned by a judgment defendant when the transcript was filed, or that the judgment did not become a lien on the land, or when the appellee became the owner of the land. It was stated that on the 10th of September, 1878, a certain amount of costs was paid, and that this amount and no other was designated in the judgment for costs. The pleader failed

to aver that the sum so designated and so paid was the whole amount of the judgment, or the whole amount of the costs of said Abner and Eliza in said action, or that all their costs therein had been paid, or that the judgment had been paid.

What is said in regard to said specific sum amounts to a statement that such sum was designated in the judgment, and that no other amount was designated specifically; but it does not appear that this was the whole amount of the judgment. And the ground on which relief is asked is not that the judgment does not constitute a lien on the land, if anything is due on the judgment, but that the judgment being one for costs, designated a certain amount as taxed for costs, and that such amount has been paid upon the judgment.

Counsel for appellants state in their brief that the amount so specified constituted one item of the costs, being the costs of a struck jury. This does not appear in the complaint, but it is not inconsistent with the averments of the complaint.

It should have been shown, with reasonable certainty, either that the judgment did not constitute a lien on the land, or that it had been fully paid.

The judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the costs of the appellee, and the cause is remanded with instructions to sustain the demurrer to the complaint.

Filed Oct. 13, 1883. Petition for a rehearing overruled Nov. 24, 1883.