Conaway *et al. v.* Conaway *et al.*

Filed June 5, 1894.

---

No. 1,123.

## CONAWAY ET AL. *v.* CONAWAY ET AL.

RECORD.—*Rulings and Collateral Matters.—Practice.*—Rulings of court and motions of a collateral nature can only become part of the record by order of court or by bill of exceptions.

SAME.—*Error Must have Foundation in Record.*—Error can only be predicated upon rulings and exceptions shown by the record.

JUDGMENT.—*Power of Court to Correct.—Mistakes and Omissions.— Clerical Error.—Practice.*—Courts have the power to correct mistakes and supply omissions in their judgments at any time when the

record itself furnishes the means for making the corrections or supplying the omissions, and belonging to this class of errors are clerical errors arising from misprisions of the court or the clerk.

COSTS.—*Liability for.*—*Motion to Retax.*—In taxing costs those only should be taxed for which the party is liable, and if erroneous or unjust fees or costs are taxed, the party has his remedy by motion to retax.

From the Ohio Circuit Court.

*J. B. Coles* and *G. B. Hall,* for appellants.

*H. D. McMullen, H. L. McMullen, W. R. Johnston* and *F. B. Shutts,* for appellees.

Ross, J.—Section 662, R. S. 1894, provides that all proper entries made by the clerk, and all papers pertaining to a cause and filed therein, are deemed to be parts of the record, except motions, affidavits and other papers which relate to collateral matters. Under this section, it has been held that motions to dismiss, to make more specific, to separate into paragraphs and to number, pertain to collateral matters, and are not properly a part of the record, except made so by bill of exceptions or by order of the court. *Thomas* v. *Griffin,* 1 Ind. App. 457; *Owens* v. *Tague,* 3 Ind. App. 245; *Ohio, etc., R. W. Co.* v. *McDaneld,* 5 Ind. App. 108; *Merritt* v. *Cobb,* 17 Ind. 314; *Greensburgh, etc., Turnpike Co.* v. *Sidener,* 40 Ind. 424; *Kesler* v. *Myers,* 41 Ind. 543; *Jarvis* v. *Banta,* 83 Ind. 528; *Board, etc.,* v. *Montgomery,* 109 Ind. 69; *Board, etc.,* v. *Hill,* 115 Ind. 316; *Balue* v. *Richardson,* 124 Ind. 480.

The first and second errors assigned in this court relate to rulings on motions of a collateral nature, and can not be considered, for the reason that such motions, with the court's rulings thereon, are not a part of the record, not having been brought into the record by bill of exceptions or by order of court.

Had the question been properly saved, it would not

avail appellants, because the record shows that the cross-complaint of the appellees, which they sought by this motion to have dismissed, was eventually held bad on demurrer; that the appellees abided the ruling on the demurrer, and judgment was rendered against them for costs. The same result was reached when appellants recovered judgment against appellees on the ruling on the demurrer, as if their motion had been sustained.

It is also urged that the court erred in discharging the jury. We are unable to find in the record any ruling of the court upon which this alleged error is predicated. The record does not show either that the appellants objected to the discharge of the jury or saved any exception to the court's action.

Had the appellants objected to the discharge of the jury, and, after excepting to the court's ruling, made the same a part of the record, there would be something before this court for review, but in the present condition of the record, the question can not be considered.

The remaining errors assigned and argued by counsel relate to the rulings of the court in sustaining the motion of the appellee to retax the costs and in overruling the motion of the appellants for a new trial.

Counsel for appellants insist that a judgment rendered at one term of court can not be amended at a subsequent term, unless, as entered, it was not the judgment rendered, and in support of their contention cite *Pursley* v. *Wickle,* 4 Ind. App. 382; *Hannah* v. *Dorrell,* 73 Ind. 465; *Strange, Admr.,* v. *Tyler,* 95 Ind. 396; *Runnels* v. *Kaylor,* 95 Ind. 503; *Harmon* v. *Moore,* 112 Ind. 221, and *Harris* v. *Tomlinson,* 130 Ind. 426.

These authorities assert, and, we think, correctly, that ordinarily courts have no power to revise and change their judgments at a term subsequent to the term when rendered. That they have the power to correct mistakes

and supply omissions at any time when the record itself furnishes the means of making the corrections or supplying the omissions, is too well settled to require the citation of authorities. Belonging to the class of errors which the court may correct are clerical errors arising from misprisions of the court or the clerks. This is true from the fact that the judgment of the court should always speak the truth, and if, on account of any such mistake or omission, the judgment should not conform to the record, it may be made to do so.

If we understand the record before us correctly, that part which it is necessary to set out here for the purpose of passing upon the question urged, is that on the 17th day of December, 1892, the appellants dismissed their cross-complaints, whereupon the court entered judgment against them and in favor of the appellees for "their costs and charges in and about said issues laid out and expended, taxed at —— dollars."

After the dismissal of the cross-complaint of the appellants there was nothing pending before the court except the issues formed on the cross-complaint of the appellees, the original complaint having been dismissed prior to the dismissal of the cross-complaint of the appellants. To the cross-complaint of the appellee's a demurrer was sustained December 1, 1892, and the court thereupon rendered judgment against the appellees and in favor of the appellants for "their costs and charges in this cause laid out and expended, taxed at —— dollars and —— cents."

On the 9th day of December, 1892, a fee bill for costs amounting to $187.95, taxed under this judgment, was issued and the sheriff commanded to collect the same from the appellees. Afterwards, to wit, February 7, 1893, the appellees, having given the required notice, filed their motion to retax the costs. Upon the hearing

of this motion, evidence was introduced, and the court took the same under advisement.

Subsequently, to wit, on the 28th day of April, 1893, the court, in passing upon the motion, made the following order and judgment: "The court does now order and adjudge that the amount of costs recovered by said Daniel Conaway and Zerelda Reed (appellees) against said Inez Conaway, America Conaway, Samuel Conaway, and Simon Conaway (appellants), in and by the judgment rendered on the 17th day of September, 1892, and entered in order book number 15 of this court, on page 39 thereof, was and is the sum of seventy-nine dollars and sixty cents ($79.60), and no more, and the same is now adjudged accordingly. The court also adjudges that the amount of costs recovered by said" appellants against appellees, "in and by the judgment rendered in this cause on the first day of December, 1892, and entered in order book number 15 of this court, on page 73, is the sum of five dollars and fifty cents, and no more, and the same is now adjudged accordingly, and it is ordered and adjudged by the court that the clerk retax the costs herein in accordance with this order and judgment."

It has been decided that a judgment for costs need not specify their amount, but that the party against whom the judgment is rendered will be liable for all costs—those accrued as well as those which may subsequently accrue. *Dufour* v. *Kious*, 91 Ind. 409, and cases cited.

In the taxing of costs, however, those only should be taxed for which the party is liable. If erroneous or unjust fees or costs are taxed against a party his remedy is by a motion to retax.

In this case the appellants should have been taxed with all costs made under their cross-complaint, and the appellees should have been charged with all costs made under their cross-complaint. So far as we have been

able to determine from the record, the aim of the court below seems to have been to so tax the costs. If the appellants have been taxed with costs for which they should not be, counsel have failed to designate them, and we are unable to find them.

No error has been pointed out for which the judgment ought to be reversed.

Judgment affirmed.

Filed April 20, 1894; petition for a rehearing overruled June 20, 1894.

