## JOHNSON ET AL. *v.* SCHLOESSER.

[No. 17,935.   Filed January 6, 1896.]

JUDGMENT.—*Failure of Clerk to Enter on Judgment Docket.*—The lien of a judgment on real estate is not lost by reason of the failure of the clerk to enter same on the judgment docket, although such real estate has passed into the hands of a *bona fide* purchaser without notice of such judgment.

SAME.—*Failure of Clerk to Enter on Judgment Docket.*—*Remedy of Purchaser of Real Estate.* — *Statute Construed.*— Section 594, Burns' R. S. 1894 (584, R. S. 1881), providing that, "Every clerk neglecting to enter any judgment or recognizance, as herein required, shall be liable to any person injured for the amount of damages sustained by such neglect," etc., gives to a *bona fide* purchaser of real estate, against which a judgment lien existed, but which the clerk failed and neglected to enter on the judgment docket, a right of action against such clerk for the amount of damages sustained by reason of such neglect.

From the Ripley Circuit Court. *Reversed.*

*Adam Stockinger* and *J. B. Rebuck,* for appellant.

*M. R. Connelley,* for appellee.

McCABE, J.—The appellee sued the appellant, Johnson, and Henry Bushing, sheriff of Ripley county, in a complaint of two paragraphs, seeking to enjoin the sale on execution of certain land on a judgment in favor of appellant, Hannah Johnson, and against one John W. Johnson.

The circuit court overruled a demurrer for want of sufficient facts to each paragraph of the complaint and sustained a like demurrer to the second paragraph of the separate answer of Hannah Johnson. A trial of the issues resulted in a finding and judgment in favor of the plaintiff and against the defendant, perpetually enjoining the sale of said land on said judgment and execution.

The errors assigned call in question the rulings above mentioned, and the action of the circuit court in overruling the defendant's motion for a new trial. The last error assigned is waived by the failure of appellants' counsel to discuss the same in their brief. The question of law involved arises on the facts stated in the complaint, as well as those stated in the answer.

It appears from the complaint that on August 8, 1887, one John W. Johnson and Clemency B. Johnson conveyed a certain town lot, particularly described in the town of Batesville, in Ripley county, Indiana, to James W. White, and on April 9, 1892, said James W. White and wife conveyed the same for a valuable consideration to the plaintiff, appellee, George F. Schloesser; that on September 13, 1886, in a cause pending in the Ripley Circuit Court for divorce, wherein said Hannah Johnson was plaintiff, and said John W. Johnson was defendant, said court rendered judgment, awarding her a divorce and for $56.00 alimony, to be paid on September 14, 1886, and the further sum of $50.00 each year during the natural life of Clemency B. Johnson; that said John W. John-

son paid the $56.00 as ordered on September 14, 1886, but that said payment was never entered on the order book, judgment docket, or elsewhere; that the only record or entry of said judgment ever placed in the judgment docket of said court by the clerk thereof, or by any other person, is as follows: "Judgment docket F, page 200. *Hannah Johnson* v. *John W. Johnson,* order book FF, page 462; judgment against the defendant for costs, date of rendition September 13, 1886."

That the fee docket of said court in which the fees and costs accrued in said action were entered, shows that said costs were duly paid by said plaintiff, and on the margin of said fee book, on the same page whereon is entered said fees and costs, the following entry is made, to-wit: "It was the agreement between the plaintiff and the defendant that the plaintiff is to pay this cost, and that when it is paid by her it is to be a satisfaction of this judgment as against the defendant. (Signed) Charles H. Willson, attorney for plaintiff."

That at the time plaintiff purchased said real estate he had no knowledge or notice of any kind that the defendant, Hannah Johnson had or claimed any judgment against said John W. Johnson, or any other person; that the fee book showed, at the time the abstract hereinafter mentioned was made, at the time plaintiff purchased said premises, that the costs aforesaid were paid, and showed the entry of satisfaction of said judgment, signed by Charles H. Willson, as aforesaid; that before purchasing said premises, to-wit: on March 23, 1892, plaintiff employed the recorder of Ripley county to make him an abstract of title for said real estate; that said abstract when so made did not mention, show or allude to any judgment against said John W. Johnson in favor of any person; that

said recorder, on examining the judgment docket of said court, in preparing said abstract, found the only entry on record of said judgment to be as set forth above; that believing and relying on said abstract, and having no knowledge of the judgment mentioned, the plaintiff purchased said real estate, as aforesaid; that on the 15th day of June, 1894, said defendant, Hannah Johnson, caused an execution to issue out of the clerk's office of the Ripley Circuit Court on said judgment for the sum of $406.00, with interest and costs, directed to the sheriff of said Ripley county, which came to the hands of the defendant sheriff of said Ripley county, and was by him, on August 24, 1894, levied on said real estate; that said defendants are threatening to sell said real estate by virtue of said execution and judgment, unless restrained, and thereby cast a cloud on plaintiff's title to said real estate. Prayer for a temporary restraining order and on the final hearing, a perpetual injunction.

Two reasons are urged by the appellant why the complaint is not good, namely: (1) That the lien of the judgment is not lost as against anybody by the failure of the clerk to enter it on the judgment docket; and (2) if it would be so lost as against a subsequent *bona fide* purchaser, that there was enough entered on the judgment docket in this case to put an ordinarily prudent man on inquiry which must lead to full knowledge of the judgment. If the question of law raised by the first reason urged should be decided in favor of appellant the second would be wholly unimportant. The appellee contends that while the judgment is a lien on all the real estate of the judgment defendant in the county as against him without being entered on the judgment docket, yet that it is not a lien as against subsequent good-faith purchasers for value of any of such real estate, unless such judgment is en-

tered on the judgment docket; and further, that the entry here was not such as to put him on inquiry.

Several sections of the code embraced in Article 24, title "judgment," exert a controlling influence in the proper determination of the question. Section 588, Burns' R. S. 1894 (R. S. 1881, 579), provides that: "The judgment must be entered in the order book, and specify clearly the relief granted or other determination of the action." Section 591, Burns' R. S. 1894 (R. S. 1881, 582), provides that: "The clerk of every court of record shall keep a docket, in which he shall enter, within thirty days after each term of the court, in alphabetical order, a statement of each judgment rendered at such term, containing—*First.* The names, at length, of all the parties. *Second.* The amount of the judgment and costs, and the date of its rendition. *Third.* If the judgment be against several persons, the statement shall be repeated under the names of each defendant, in alphabetical order." Section 593, Burns' R. S. 1894 (R. S. 1881, 584), provides that: "Such docket shall be a record, and open during the usual hours of transacting business to the examination of any person desiring it." Section 594, Burns' R. S. 1894 (R. S. 1881, 585), provides that: "Every clerk neglecting to enter any judgment or recognizance, as herein required, shall be liable to any person injured for the amount of damages sustained by such neglect, to be recovered in an action against the clerk alone, or upon his official bond against him and his sureties." Section 617, Burns' R. S. 1894 (R. S. 1881, 608), provides that: "All final judgments in the supreme and circuit courts for the recovery of money or costs shall be a lien upon real estate and chattels real, liable to execution in the county where judgment is rendered, for the space of ten years after the

rendition thereof, and no longer, exclusive of the time during which the party may be restrained from proceeding thereon by any appeal or injunction, or by the death of the defendant, or by agreement of the parties entered of record."

It is conceded on both sides, and we think correctly, that in solving the question here involved, the several sections of the code quoted above must be construed together. But the appellant contends that they must be so construed as to hold that the action for damages against the clerk for failure to docket a judgment is intended to be given to the good-faith purchaser, and not to the holder and owner of the judgment; and, on the contrary, the appellee contends that such right of action was intended to be given to the judgment creditor, and not to the *bona fide* purchaser of the real estate for value.

Appellee's learned counsel, in support of the latter position, say: "Now, we hold that while the judgment docket is not necessary to constitute the judgment lien, it is necessary to constitute sufficient notice thereof to third parties, and that a subsequent purchaser for a valuable consideration is only bound to look to the judgment docket for judgment liens, and * * * in the absence of actual notice he takes the land discharged from the lien, and the remedy of the judgment plaintiff, if there is no other property, is against the clerk, under section 585, R. S. 1881."

In support of this contention appellee's counsel cite *Berry* v. *Reed*, 73 Ind. 235. While the opinion in that case contains some remarks by the learned judge who delivered it, favorable to appellee's contention, yet such remarks were clearly *obiter dictum*. The questions actually involved, and to a determination of which the opinion strictly confines the decision, do not support the appellee's contention.

The judgment lien there involved was sought to be created and established by the filing of a transcript of a judgment rendered in the common pleas court of another county than that in which the transcript was filed. It was there said that: "The plain intent of the lawmakers was that the filing and recording provided for in section 528 should be substantially contemporaneous acts, and where, by the next section, it was enacted that the judgment should be a lien from the time of filing, it was meant as against subsequent purchasers without actual notice, that a judgment filed, recorded and docketed as required in the previous section, should be a lien. * * * * But deciding nothing as to the lien of judgments in the counties where rendered, and where in every case there is a record, in some form, which is accessible to every purchaser, and confining our decision to the case before us, we hold that the transcript of a judgment filed in another county, under the provisions of sections 528 and 529 of the code, *supra,* does not create a lien against subsequent purchasers in good faith, without notice, unless recorded and entered in the judgment docket." This decision proceeds upon the idea that the entry in the judgment docket is as essential to the creation of the lien as the recording of the transcript in the order book. The two acts are said to be intended by the lawmakers to be contemporaneous.

This case falls far short of supporting appellee's contention. It will be observed that the sections of the statute authorizing the creation of a lien in one county by filing a transcript of a judgment from another county and causing the same to be recorded and entered in the judgment docket do not provide where such transcript is to be recorded. Burns' R. S. 1894, sections 619, 620 (R. S. 1881, 610, 611). But they do provide where the judgment is to be entered. The

practice is to record the transcript in the order book. The entry is required to be made in the judgment docket. The word docket is usually applied to the book or paper in which is entered a brief abstract of all proceedings in court. 5 Am. and Eng. Ency. of Law, 849. So that it would seem that there is much reason for holding that the entry in the judgment docket is as much a part of the essential requirement to make a transcript of a judgment from another county a lien as the act of recording the transcript thereof in the order book. But the case of a judgment rendered in the same county presents a different question, as the case cited clearly recognizes.

Appellee also cites and relies on *Bell* v. *Davis*, 75 Ind. 314. But that was the same kind of a case, involving the validity of the supposed lien of a judgment from another county by a transcript. Referring to *Berry* v. *Reed, supra*, the court in the former case says: "It is there expressly held, that, in order that the judgment shall constitute a lien, the clerk of the county to which the transcript is transmitted must enter and record it in the judgment docket of the county. * * * * * * Judgment liens are created by statute, and the requirements of the statute giving a lien must be complied with, or none exists. In this case no lien attached until the transcript was filed, entered and docketed as the statute requires."

It will be observed that both of these cases hold that the filing and recording of a transcript of a judgment from another county by the clerk of the county to which it was transmitted creates no lien at all against anybody unless such judgment is also entered in the judgment docket of the latter court. It is not there held, as counsel suppose, that the lien only fails as to *bona fide* purchasers for value without actual

notice, but exists as between the parties and as to those having notice.

Another case cited by appellee in support of his contention is, *State, ex rel.,* v. *Record,* 80 Ind. 348. That was a suit brought against the clerk by the purchaser of the land involved in *Bell* v. *Davis, supra,* for failure to enter the judgment in the judgment docket. It was simply adjudged, in accordance with the two previous cases that the plaintiff could not recover because the clerk's failure to so enter such judgment did not injure the purchaser, by reason of the fact that no lien attached to the land he purchased by virtue of the recording of the transcript without also entering the judgment in the judgment docket. In other words, that he received a good title by virtue of his purchase. But it remains to be determined what is the effect of a failure to enter a judgment rendered in the same county in the judgment docket. That question has never yet been decided by this court.

The judgment in the county where rendered is required by section 588, *supra,* to be entered in the order book. Section 617, above cited, makes all such judgments liens upon the real estate of the judgment defendant in the county for the space of ten years after the rendition thereof. There is no exception or qualification to this provision, unless it be in the sections above quoted relative to entering the same in the judgment docket. It is very clear, from those sections, that the entry in the judgment docket is no part of the judgment, because it is not required to be entered until the thirty days next ensuing after the term of court at which the judgment is rendered. It is also apparent therefrom that such judgment docket is designed as a sort of index to, or convenient means of, ascertaining the judgments rendered against any

party in such county whether such party owns real estate in the county or not.

It was said in *Berry* v. *Reed, supra,* that: "Under these provisions, the purchaser of real estate, for thirty days after the close of a term of court, is bound to look to the order books for the judgments rendered at such term; and such may be the rule, even after the expiration of the thirty days." This statement of the law is undoubtedly correct. Because the statute makes the judgment a lien on the defendant's real estate in the county for ten years next after its rendition. And as the section providing for the entry thereof in the judgment docket allows thirty days after the term to make such entry, it necessarily follows that that provision does not take away the lien created by the other section, at least during such thirty days for failure to enter the judgment in the judgment docket. If, after the expiration of such thirty days the judgment is not entered in the judgment docket, and if the lien ceases on account thereof as against a *bona fide* purchaser or anybody else, the question arises, by virtue of what law, or what provision in the statute does it so cease? It is a well established rule of construction of statutes that the entire statute must be construed together, and that effect must be given to every part of a statute if it can be done without manifestly violating the intention of the legislature. *Cleveland, etc., R. W. Co.* v. *Backus, Treas.,* 133 Ind. 513; Potter's Dwarris on Statutes, 189.

It is contended by the appellee that the section giving the right of action against the clerk for failure to enter the judgment in the judgment docket is to be construed as giving such right to the judgment creditor. If that be correct, then it would necessarily follow that the intent was that the judgment creditor should lose the lien he had acquired by his diligence,

through the negligence of the clerk a month after the close of the term. But such a construction of the different sections necessarily renders a part of the statute of no effect. Section 617 makes the judgment a lien without qualification for ten years next after its rendition, against the world. The construction contended for renders so much of the section as makes it a lien against *bona fide* purchasers nugatory and meaningless; or rather qualifies the provision that it is a lien for ten years after its rendition. This violates a cardinal canon of construction, which affirms that: "The court is to give effect to every clause, section and word if effect can be given to it." Potter's Dwarris on Statutes, 194.

The provision in section 594, making the clerk liable personally and upon his official bond to any person for the amount of damages sustained by his neglect to enter a judgment in the judgment docket, in no way points to the judgment creditor as the person who was to be clothed with the right of action therein provided for. Standing alone its language could as well be applied to a *bona fide* purchaser of the real estate sought to be subjected to the lien, as to the judgment creditor. To apply it to the latter is to refuse to give full effect to the section (617) creating and extending judgment liens for ten years. To apply it to the former gives full effect to every word and every clause of the whole statute and affords an ample remedy to any *bona fide* purchaser for all damages sustained by the clerk's failure to enter the judgment in the judgment docket. The well established rules of construction require us to so apply and construe the statute. The case of *Nichol* v. *Henry*, 89 Ind. 54, is very analogous, and in principle sustains the conclusion stated above. That was a suit to foreclose a mortgage against a subsequent purchaser for value, in

good faith, without actual notice of the mortgage. It had been duly recorded in the mortgage record of the county wherein the land was situate, within forty-five days. But no entry was made by the recorder in the entry book in the recorder's office of such mortgage, and the same was not indexed in the general index of mortgages. The contention was that, by reason of the failure to so enter and index such mortgage it was not a lien as against such good-faith purchaser. After setting out the statutes providing for the keeping of an entry book and general index in which the recorder was required to enter such mortgage, it was there said: "These are the only acts bearing upon the question under consideration, and it seems to us manifest from the mere reading of them, that the entries required to be made in the 'entry book' and the general index do not constitute a part of the record of any instrument required to be recorded. The entry required to be made in the fifth column of the 'entry book,' to-wit: 'volume and page where recorded,' not only indicates that this entry is not the record nor a part of it, but shows very clearly that the instrument is recorded elsewhere. Nor does the general index constitute a part of the record.  *  *  *  *  The language of the law is that the recorder shall keep up such index, as 'deeds and mortgages shall from time to time be recorded.'  *  *  *  *

"The purpose, as we think, of requiring entries in an 'entry book' and an index to be made, is to facilitate an examination of the records, and not to protect the interests of those whose conveyances are recorded; and in such case the failure of the officer to make the entries and to make the index, or either of them, will not prejudice the title of the grantee or mortgagee." To the same effect are the cases cited in that opinion, to-wit: *Bishop* v. *Schneider*, 46 Mo. 472, s. c. 2 Am.

Rep. 533; *Chatham* v. *Bradford,* 50 Ga. 327. s. c. 15 Am. Rep. 692.

We therefore conclude that the circuit court erred in overruling the demurrer to each paragraph of the complaint.

The judgment is reversed, with instructions to sus-tain the demurrer to each paragraph of the complaint.