## AMERICAN SURETY COMPANY OF NEW YORK *v.* JAY LODGE NO. 87, F. & A. M.

[No. 14,991. Filed June 17, 1935. Rehearing denied October 18, 1935. Transfer withdrawn April 9, 1936.]

*James J. Morgan, Fred D. Cunningham* and *Ralph W. Emry,* for appellant.

*Robert S. Smith* and *James R. Fleming,* for appellee.

CURTIS, P. J.—This was an action by the appellee to recover from the appellant upon a fidelity bond executed by the appellant to indemnify the appellee against loss

in the event of the lack of faithfulness on the part of one Clyde D. Bechdolt, treasurer of the appellee lodge. Clyde D. Bechdolt was, concurrently with acting as treasurer of the appellee lodge, secretary of the Jay County Savings and Trust Company. He proved unfaithful as secretary of the Trust Company and by reason of his unfaithfulness as such secretary the Trust Company become insolvent and was compelled to close its doors for liquidation. A vast amount of worthless assets developed, which together with the funds converted by the secretary rendered it unable to pay its indebtedness in full and a loss resulted by reason thereof to all of its depositors, including appellee lodge. The appellant states the issues and how they were decided as follows: "(1) A complaint by appellee in two paragraphs filed. (2) Demurrer by appellant addressed to the complaint, which was overruled and exceptions. (3) Answer by appellant in two paragraphs addressed to the complaint. (4) Reply by appellee in one paragraph addressed to the affirmative paragraph of answer of appellant. (5) Cause submitted, trial had and as court was about to pronounce judgment on special finding of facts and conclusions of law leave asked and granted appellee to withdraw submission without any reasons assigned over objection of appellant to which ruling appellant excepted. (6) Second amended complaint filed by appellee. (7) Demurrer by appellant filed to appellee's complaint aforesaid, demurrer overruled and exceptions. (8) Answer in two paragraphs by appellant addressed to appellee's amended complaint. (9) Demurrer filed by appellee to second paragraph of answer of appellant, same overruled and exceptions. (10) Reply by appellee to affirmative paragraph of answer of appellant. (11) Issues closed, trial had before court and jury."

There was a trial by jury and a general verdict returned in favor of appellee in the sum of $1,220.28,

Along with the verdict the jury returned answers to twelve interrogatories submitted by the appellee. The judgment followed the verdict.

The appellant seasonably filed a motion for a new trial which was overruled with an exception and this appeal prayed and perfected.

The errors assigned and relied upon for reversal are as follows:

"1. The court erred in overruling appellant's demurrer to appellee's complaint.

2. The court erred in overruling appellant's demurrer to appellee's second paragraph of complaint.

3. The court erred in granting appellee's motion to withdraw the submission of the cause over appellant's objection after trial and as the court was ready to render a decision on the issue joined and the evidence adduced.

4. The court erred in granting appellee's motion and request to withdraw the submission of the cause after the trial thereof.

5. The court erred in overruling appellant's demurrer to appellee's amended complaint.

6. The court erred in overruling appellant's demurrer to appellee's second amended complaint.

7. The court erred in overruling appellant's motion for a new trial."

The appellee says in its brief that the appellant's statement of the issues which we have previously set out herein is substantially correct with the exception that in the 5th clause thereof the statement "and as court was about to pronounce judgment on special finding of facts and conclusions of law" is counsel's own statement and outside the record. We deem it best to state the record in that regard as we understand it. And in that connection we will take up the third specification in the assignment of error, to-wit: the alleged error of the trial court in permitting the withdrawal by

the appellee of the submission as heretofore set out. So that no confusion may arise we think it best to call attention to the fact that this case was at first submitted to the court for trial without a jury; that both sides signed a joint request for a special finding of facts and conclusions of law thereon; that after the close of the evidence and after argument but before the finding of facts was made and the conclusions of law stated, the trial court over the objection of the appellant sustained the oral motion of the appellee to withdraw the submission; that the appellant duly excepted and was given ten days to file its bill of exceptions; that said bill of exceptions was filed timely and the proper orders made thereon, thus saving the question as to the alleged error of the court in permitting the withdrawal of the submission of said cause, and presenting said question to this court for review. It is with reference to the above ruling of the court that the said third specification in the assignment of error relates. It has nothing to do with anything that occurred in the later trial of the case which was had before a jury.

And it is to be noted that after leave was granted to the appellee to withdraw the submission of the cause, two amended complaints were thereafter filed, to each of which the appellant pleaded and the cause some time later proceeded regularly to trial and evidence heard by the jury. Instructions were tendered by both the appellant and appellee and in due course a verdict was returned and judgment entered thereon. The appellant at no time made any objection to the trial being had before the jury. It rested entirely upon the objection made and the exception taken at the time the said motion to withdraw the submission was sustained. Under these circumstances we believe the appellant has waived the alleged error. Besides, the withdrawal of the submission was in the sound discre-

tion of the court and in the absence of a showing of a clear abuse of such discretion this court will not disturb the ruling. There has been no such showing. We can perceive of no injury the appellant has suffered unless it be a matter of extra costs and upon a proper showing these might be retaxed. See: *Mahon* v. *Mahon, Admr.* (1862), 19 Ind. 324; *Conaway et al.* v. *Conaway et al.* (1894), 10 Ind. App. 229, 37 N. E. 189.

It is next urged that the court erred in overruling the appellant's demurrer to the appellee's second amended complaint, the substance of which amended complaint we set out as follows:

"Plaintiff, Jay Lodge No. 87, F. & A. M., complains of defendants, Clyde D. Bechdolt and American Surety Company of New York, and says: that plaintiff is a fraternal organization; that the defendant, American Surety Company of New York, is a corporation; that defendant, Clyde D. Bechdolt is incarcerated in the State Penitentiary at Michigan City. On December 27, 1929, plaintiff lodge elected Clyde D. Bechdolt to the office of treasurer to serve during the year of 1930. That on January 6, 1930, American Surety Company of New York executed bond and written undertaking to pay plaintiff any pecuniary loss of money, funds, securities or other personal property which plaintiff might sustain by act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or willful misapplication on the part of Clyde D. Bechdolt as treasurer of its lodge. A copy of the bond is marked 'Exhibit A' and made a part of the complaint. That on January 1, 1930, there was on deposit in Jay County Savings and Trust Company the sum of $1,556.49; two certificates of $500.00 each, and a checking account of $556.49; deposit in the name of plaintiff lodge, same being funds turned over to Clyde D. Bechdolt as treasurer of lodge. That Jay County Savings and Trust Company was engaged in the general banking business in the city of Portland at said time and had been for fifteen years prior thereto; that Clyde D. Bechdolt was secretary of said Trust Company and had sole control and management of its business

affairs. That he possessed full information as to all of its business affairs. That after January 1, 1930, and from day to day thereafter Clyde D. Bechdolt by various tricks, artifice and devices defrauded and applied to his own use the assets of the Jay County Savings and Trust Company and on April 17, 1930, said Jay County Savings and Trust Company became insolvent, its doors were closed by the banking department of the State of Indiana for liquidation. That among the funds stolen by said secretary was $1,185.10, property of plaintiff lodge. That Clyde D. Bechdolt failed to communicate the fact of the insolvency of the Trust Company to plaintiff lodge and dishonestly permitted the funds of plaintiff to remain in the Trust Company where they would be lost, possessing full knowledge of its insolvency; that the funds were lost to plaintiff. That Clyde D. Bechdolt in permitting the funds of the lodge to remain in the Trust Company after January 1, 1930, worked a breach of the bond executed by American Surety Company of New York, in accordance with the terms of the bond within three months after the discovery of its loss. Judgment is demanded in the sum of $1,200.00."

The demurrer was for want of sufficient facts to state a cause of action. The memorandum is as follows:

"1. The amended complaint seeks to predicate liability on the theory that the Jay County Savings and Trust Company, the institution in which the funds of the plaintiff lodge were placed, became insolvent due to the defalcations of the Secretary of the Jay County Savings and Trust Company, who was likewise the Treasurer of the plaintiff lodge; the bond in suit does not cover a general defalcation of a banking institution.

"2. The amended complaint does not disclose that any of the funds of plaintiff lodge were actually used by Clyde D. Bechdolt nor that he dishonestly squandered or misapplied any of the funds of plaintiff's lodge. If he permitted the funds to remain in the bank and had knowledge of the infirmity of a bank this would not create liability under the bond; the bond does not cover loss resulting by reason of the general failure of a banking institution in which the funds are kept nor by the negligence of the principal.

"3. The amended complaint, in substance, alleges that the failure of the Jay County Savings and Trust Company was caused by the misconduct of Clyde D. Bechdolt, the principal in the bond in suit and Treasurer of plaintiff lodge; nor if loss resulted to plaintiff from this source a recovery cannot be had; the bond does not cover a loss of this character.

"4. The scope of the bond in suit includes loss by fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or willful misapplication, directly or through the connivance of others, on the part of the principal. The complaint does not disclose by proper averment that any loss resulted by reason of any of the foregoing enumerated acts of misconduct, hence, the complaint does not state a cause of action under the written instrument, which is the foundation of plaintiff's claim and demand.

"5. The fact that the principal in the bond was aware of the insolvency of the institution where he kept the funds of plaintiff lodge did not work a breach of the bond, as such act of misconduct is not covered by the bond; the further allegation that he knowingly, fraudulently and dishonestly permitted the funds to remain in the Jay County Savings and Trust Company with knowledge of its insolvency in no way reinforces plaintiff's complaint. Making use of the epithets, fraudulently and dishonestly, does not bring the complaint in this respect within the terms of the bond. To permit the funds to remain in the bank under the facts pleaded might be an act of negligence but it would not be an act of fraud or dishonesty; with all doubtful allegations construed against the pleader the use of the terms fraudulently and dishonestly in the connection in which the same are used do not aid the complaint.

"6. The lack of fidelity and honesty alleged in the complaint on the part of Clyde D. Bechdolt as Secretary of the Jay County Savings and Trust Company cannot be imputed to him as Treasurer of plaintiff lodge; his defalcation as a bonded bank officer under the laws of the State of Indiana cannot be imputed to him as Treasurer of plaintiff lodge; his defalcation as a bonded bank officer under the laws of the State of Indiana cannot be imputed to him in the capacity as a principal in the

bond, hence, the dishonesty pleaded in this respect is in no way binding upon the defendant, American Surety Company of New York, as surety for Clyde D. Bechdolt's fidelity to the plaintiff."

If the second amended complaint is held good on demurrer then some of the instructions complained of which were given were proper instructions and instructions 8, 9, and 10 tendered by the appellant and refused by the court were correctly refused. It will not be necessary, therefore, to consider these particular instructions separately. After a careful reading of the second amended complaint and testing it by the demurrer addressed to it which we have heretofore set out we conclude that it states facts sufficient to constitute a cause of action and consequently the demurrer to it was correctly overruled. The allegations of said second amended complaint that Bechdolt after he became treasurer of the appellee lodge deposited and kept its funds in a bank of which he was secretary and which he solely managed and which he had looted and thereby made insolvent, thus causing the lodge the loss of its deposit, were, we think, well within the provisions of the bond executed by the appellant whereby it undertook to pay the appellee any pecuniary loss of money, funds, securities or other personal property which appellee might sustain by act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or willful misapplication on the part of Clyde D. Bechdolt as treasurer of appellee lodge. We believe that his knowledge as secretary of the trust company was also his knowledge as treasurer of the appellee lodge. For Indiana cases throwing light on the instant case see *American Surety Company* v. *State ex rel. Booth, Rec.* (1921), 76 Ind. App. 260, 127 N. E. 844; *National Surety Company* v. *State ex rel. Rathbun* (1929), 90 Ind. App. 205, 161 N. E. 573.

We now take up the alleged error as to the motion

for a new trial. Said motion contains 44 causes or grounds. They will be considered in the order in which they are presented in the appellant's brief.

By instruction number 5 given by the court on its own motion the jury was instructed as follows:

"You are instructed that it is the theory of plaintiff's complaint that the defendant, Clyde D. Bechdolt, knowingly, fraudulently, and dishonestly permitted the funds of the plaintiff order to remain in the Jay County Savings and Trust Company after January 1, 1930, and after the said defendant, Bechdolt, had embezzled and stolen large sums of money, so that plaintiff's money was lost and if any recovery is had herein it must be upon such theory."

In our opinion the second amended complaint is not uncertain as to the above theory, but should it be uncertain this court will consider it upon said theory by reason of the fact that the case was tried below upon that theory. See: *Pittsburgh, etc., R. R. Company* v. *Lamm* (1916), 61 Ind. App. 389, 112 N. E. 45. We have examined the evidence and in our opinion it amply sustains the verdict. If a verdict in any amount is to stand, the verdict in the instant case is not too large. Without unnecessary repetition we may say that there was evidence to sustain each material allegation of the second amended complaint. The verdict is not contrary to law unless it may be said that it was improperly affected by an error or errors of law occurring at the trial. We now proceed to take up the questions in that regard that are presented by the appellant, but not considering any further those questions that were necessarily disposed of by what we have said heretofore in this opinion.

The appellee tendered five instructions, all of which were given. The appellant says that the giving of each of the first four was error. The first of said instructions defined the word dishonesty in general terms as follows: "A want of integrity in prin-

ciple; a want of fairness and straightforwardness; a disposition to defraud, deceive or betray; faithlessness, or a course of conduct generally characterized in the common speech of men as lacking in principle," and then told the jury that if they found from the evidence that Bechdolt committed an act of dishonesty as treasurer of the lodge which resulted in the loss complained of that then the finding should be for the appellee. Instruction number 2 in effect told the jury that the act of Bechdolt must be more than mere negligence but that it need not be such an act as would render him criminally liable. Instruction number 3 was to the effect that if the jury found that the appellant was a paid surety then the surety contract should be construed most strongly against the surety company provided that the jury further found that there was room for construction of the terms and provisions of the bond. We do not believe that there was any reversible error in the giving of these instructions. Alleged error as to the giving of appellee's instruction number 4 has been covered by what we have heretofore said as to the ruling on the demurrer. None of these instructions were of such a peremptory form as to be classified as such.

The appellant next urges that the court erred in not giving each of instructions numbered 2 and 7 tendered by it. Said instruction number 2 is as follows: "You are further instructed that if you find that Clyde D. Bechdolt had knowledge that the Jay County Savings and Trust Company, where the funds of the plaintiff lodge were deposited, was in a precarious condition at the time the funds of the lodge were placed therein and was likely at any time thereafter to suspend business on account of its capital being impaired, and with the knowledge of these facts he left the funds of the plaintiff lodge remain in the Jay County Savings and Trust Company, this would amount to neg-

ligence on his part, but loss by negligence is not covered by the bond in suit." The general subject-matter of this tendered instruction was more fully and correctly stated in appellee's instruction number 2, which was given, and there was no error in the refusal to give it. The appellant's tendered instruction number 7, which was refused, was substantially covered by its own instruction number 6, which was given, as follows:

"If you find from the evidence in this cause that the creditors of the Jay County Savings and Trust Company, now in the process of liquidation, are suffering a heavy loss financially by reason of the fact that Clyde D. Bechdolt as its secretary loaned its funds to parties financially unable to meet their obligations when the same fell due, and that plaintiff has suffered a loss by reason of said Trust Company closing its door for liquidation. Now insofar as plaintiff's loss is occasioned by the worthless promissory notes in the hands of the receiver, if you find there are worthless notes in the hands of the receiver, there can be no recovery under the bond in suit as against the American Surety Company of New York."

There was therefore no error in refusing to give said tendered instruction number 7.

Under causes 29, 30, 31, and 32 of the motion for a new trial the appellant seeks to present error as to certain rulings of the court in admitting certain testimony of the witness Art W. Bergman and in refusing to strike out said evidence. The evidence referred to is substantially as follows: The witness said that he was at the bank in question a few days before it closed and in answer to a question as to what he saw Clyde D. Bechdolt do, said, "Well, he went to the safe and got a wad of liberty bonds about twelve inches across, and I saw that my certificate of deposit was good." In response to another question the witness testified concerning Bechdolt as follows: "Well he said that was a surplus he had invested in liberty bonds for the

safety of the depositors." In reply to another question the witness, in speaking of certain bonds he saw Bechdolt have, said they were "Fifties, hundreds and thousands—and scads of them." The first and third answers were not violative of the hearsay rule; the second possibly was. The appellant urges that the first and third answers were as to collateral matters. If we assume that the appellant is correct as to that contention it does not necessarily follow that these rulings constitute reversible error. We have failed to perceive how they were prejudicial. We do not believe reversible error is shown as to any of these rulings. The appellant also says it was error to admit in evidence over its objection the affidavit and entries made upon the civil order book in the Jay Circuit Court showing the plea of guilty and the judgment entered against Clyde D. Bechdolt for embezzlement of the funds of the Jay County Savings and Trust Company. We can perceive of no good reason why this evidence was not competent as showing Bechdolt's knowledge of the condition of the bank where he deposited and kept the appellee's funds while he was its treasurer. The receiver of the insolvent bank was permitted to testify as to the condition of the bank in question and as to the defalcations of Bechdolt. We think this evidence was material. The appellant next objects to the evidence given by the witness Bert Bone to the effect that at an early hour in the morning on the day before the bank closed he saw Clyde D. Bechdolt at the bank and described his movements. Appellant says that the inference to be drawn from such evidence would be to throw suspicion around Bechdolt as to his purpose in being at the bank at such an early hour. In view of the fact that Bechdolt pleaded guilty to embezzling the bank's funds we are not much impressed by the objection to the evidence. Error is next urged by the appellant as to certain remarks made by the appellee's

counsel in closing argument. The record discloses that the appellant made four separate motions to strike out and reject these remarks and that the jury be admonished not to consider them. These motions were sustained as to three of the objectionable statements and the jury told not to consider them. The motion was overruled as to the fourth. The alleged objectionable remark which was made the subject of the fourth motion was as follows: "You can see that there won't be much more paid by the Trust Company." We think this was a proper subject for argument to the jury and that no error was committed by the trial court in overruling the motion to strike it out. We have discovered no error in the rulings of the court as to alleged misconduct of appellee's counsel.

After the deposit of appellee's funds was made by Bechdolt in the bank he did not make any attempt to withdraw the money. The appellant argues that this fact precludes a recovery. We are unable to follow this line of reasoning especially when we consider interrogatories numbers 7 and 8 submitted to and answered by the jury. They are as follows: "Interrogatory No. 7: Did the Jay County Savings and Trust Company close its doors by reason of insolvency on April 17, 1930? Answer: Yes. Interrogatory No. 8: Was the insolvency of the Jay County Savings and Trust Company caused by the defalcations of Clyde D. Bechdolt as secretary of the Jay County Savings and Trust Company? Answer: Yes."

We have found no reversible error and on the record as a whole we think that a correct result was reached and this is an additional reason for the conclusions we have reached to affirm the judgment.

Judgment affirmed.