**John HAYBRON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 279S36.

Supreme Court of Indiana.

Charles H. Graddick, Gary, for appellant.

Theo. L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of robbery and of habitual criminality and was sentenced to life imprisonment. This direct appeal presents two issues:

(1) Whether the trial court erred in denying Defendant's motion for a change of venue from the county for cause.

(2) Whether the evidence was sufficient to sustain the verdict of guilty upon the charge of robbery.

### ISSUE I

On the morning the trial was scheduled to commence, the defendant filed a written motion for a change of venue from the county predicated upon the publication on the prior day of two adverse news stories in the Daily Post Tribune. A hearing was had upon the motion and the articles referred to were introduced into evidence. The motion was taken under advisement, and the cause proceeded to the selection of the jury.

At the commencement of the voir dire examination of the prospective jurors, the judge inquired of the entire array if any had read the aforementioned news articles. One of the veniremen acknowledged that he had, and he was excused. The motion for a change of venue from the county, previously taken under advisement, was overruled.

"The decision upon a motion for a change of venue is a matter within the trial court's discretion. * * * An ap-plicant for a change of venue has the burden to establish the grounds for such change, and it is the duty of the trial court to determine, from the evidence, if such grounds have, in fact, been proved. In so doing, the trial court assesses the evidence, both as to weight and credibility. It may not act arbitrarily, but it has much discretion, and even though the application and evidence be uncontroverted it, nevertheless, establishes but a prima facie basis which is not binding upon the court." *Mendez v. State*, (1977) 267 Ind. 67, 367 N.E.2d 1081, and cases there cited.

A change of venue from the county for cause is granted when it is demonstrated either that there is such wide-spread bias in the community as to render it improbable that an impartial jury can be obtained, or that there is a high probability of such wide-spread bias. In the case before us, although the publications cited had the potential to engender such bias, the voir dire examination of the jury array demonstrated that it had not had that effect. From the record before us, it appears that the only venireman who might have been affected by the news items was excused. Thus we can perceive no reason why the change should have been allowed.

### ISSUE II

Defendant's second assignment is a challenge to the sufficiency of the evidence, upon the robbery charge, to withstand a motion for a directed verdict at the close of the State's evidence, which was all of the evidence presented. This claim is predicated upon the prosecuting witnesses' failure to make a positive identification of him at a police line-up that had been conducted approximately thirty days subsequent to the robbery. It is his position that, inasmuch as the witness was able to make only a qualified identification of him at that time, his in-court identification lacked sufficient credibility to support a finding beyond a reasonable doubt.

The witness' uncertainty at the line-up proceedings did not render his unequivocal identification at the trial inherently unbe-

lievable or improbable, although it was a factor for the jury to consider in assessing the witness' credibility. Upon a sufficiency review, we will examine only the evidence most favorable to the State and all reasonable inferences to be drawn therefrom, in order to determine if there existed sufficient evidence of probative value to support the jury's verdict. *Baum v. State,* (1976) 264 Ind. 421, 345 N.E.2d 831. We will neither reweigh the evidence nor judge the credibility of the witnesses. *Robinson v. State,* (1977) 266 Ind. 604, 365 N.E.2d 1218.

We find no error, the judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.