Robert T. SNIDER, Sr., and Robert T.
Snider, Jr., Appellants
(Defendants below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1079S292.

Supreme Court of Indiana.

Nov. 18, 1980.

Rehearing Denied Jan. 26, 1981.

Harriette Bailey Conn, Public Defender, Marcia L. DuMond, Deputy State Public Defender, Frank E. Spencer, Indianapolis, for appellants.

Theo. L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Robert T. Snider, Jr. (Robert Jr.), was convicted by a jury of rape, a class A felony, Ind.Code § 35–42–4–1 (Burns 1979 Repl.); child molesting, a class B felony, Ind.Code § 35–42–4–3(a) (Burns 1979 Repl.); and two counts of incest, a class D felony, Ind.Code § 35–46–1–3 (Burns 1979 Repl.). He was sentenced to fifty years for the class A felony, twenty years for the class B felony, and four years for each of the class D felonies, all sentences to run consecutively. The other defendant, Robert T. Snider, Sr. (Robert Sr.) was convicted by the same jury of child molesting, a class A felony, Ind.Code § 35–42–4–3(a) (Burns 1979 Repl.) and sentenced to fifty years' imprisonment.

Six issues are presented for review in this direct appeal:

1. Whether defendant Robert Sr. was denied his right to a fair trial;

2. Whether the trial court erred in failing to give an "alibi" instruction;

3. Whether the defendants were denied effective assistance of counsel;

4. Whether the trial court erred in excluding the testimony of a defense witness;

5. Whether the evidence is sufficient to support the jury verdicts; and

6. Whether defendant Robert Jr. was improperly sentenced.

The evidence most favorable to the state reveals that late in the morning of January 22, 1978, Robert Jr. left his house with his eight year old stepdaughter, B.A.S., to go to the grocery. As they rode in the vehicle, Robert Jr. made B.A.S. perform oral sex upon him. Instead of going to the store, they went to the residence of Robert Jr.'s

father, Robert Sr. There, B.A.S. was taken upstairs to a bedroom where Robert Sr. performed oral sex upon her. Robert Jr. and B.A.S. then left but on the way back home, B.A.S. was again forced to perform oral sex. Later that night at the younger Snider's home, Robert Jr. entered the room where his older stepdaughter, C.S., was sleeping and forcibly had intercourse with her.

## I.

■ Defendant Robert Sr. contends that he was denied his right to a fair trial by being tried jointly with his son. Certain evidence tending to establish a depraved sexual instinct on the part of Robert Jr. was introduced at trial. Because of the family relationship, Robert Sr. maintains that this evidence irreparably prejudiced the jury against him.

Our review of the record discloses that at no time did Robert Sr. file a motion for severance as required by Ind.Code § 35–3.1–1–11(b) (Burns 1979 Repl.). The trial court does not have a duty to order separate trials *sua sponte. Hagood v. State,* (1979) Ind. App., 395 N.E.2d 315; *Young v. State,* (1978) Ind.App., 373 N.E.2d 1108. Therefore, the right to a separate trial is waived by failing to make the appropriate motion. Ind.Code § 35–3.1–1–12(a) (Burns 1979 Repl.). *See also Morgan v. State,* (1980) Ind., 400 N.E.2d 111.

## II.

■ Defendants next urge that the trial court erred in failing to include in its instructions the fact that the jury had to find beyond a reasonable doubt that the crimes charged were committed on the date alleged, January 22, 1978. They contend that it was vital for the jury to be informed of this fact inasmuch as both defendants introduced alibi evidence tending to show that they could not have perpetrated the offenses on that particular day.

Once again, the record discloses that neither defendant made any objection to the instructions in question nor did they tender their own instruction with the desired language. Such failures result in a waiver of the issue on appeal. *Kelsie v. State,* (1976) 265 Ind. 363, 354 N.E.2d 219, *cert. denied,* (1977) 429 U.S. 1094, 97 S.Ct. 1108, 51 L.Ed.2d 541; *Robinson v. State,* (1974) 262 Ind. 463, 317 N.E.2d 850. Contrary to defendants' assertion, we are not presented with a case of fundamental error. *Henderson v. State,* (1979) Ind., 395 N.E.2d 224; *Johnson v. State,* (1979) Ind., 390 N.E.2d 1005.

## III.

■ Defendants next make the claim that they were denied their right to effective assistance of counsel. The apparent basis for this contention is the joint representation of both defendants by one attorney at the same trial.[1] We have previously held that such representation does not *per se* constitute ineffective assistance of counsel. *Ross v. State,* (1978) 268 Ind. 608, 377 N.E.2d 634; *Martin v. State,* (1974) 262 Ind. 232, 314 N.E.2d 60, *cert. denied,* (1975) 420 U.S. 911, 95 S.Ct. 833, 42 L.Ed.2d 841. The record is devoid of any indication that a conflict of interest arose concerning the lawyer's representation of both defendants. There were no theories or defenses offered by one defendant which were inconsistent or antagonistic to the other.

■ While there was evidence of a deviate sexual nature introduced against Robert Jr., there was similar evidence introduced against Robert Sr. Acquiescing to a joint trial instead of moving for separate trials was a tactical decision and part of counsel's trial strategy. Inadequacy of counsel will not be found unless, taken as a whole, the trial was a mockery of justice. We have repeatedly affirmed this standard as modified by the "adequate legal representation" standard of *Thomas v. State,* (1969) 251 Ind. 546, 242 N.E.2d 919. *Line v. State,* (1979) Ind., 397 N.E.2d 975; *Crisp v. State,* (1979) Ind., 394 N.E.2d 115. There is a presumption that an attorney has discharged his

---

1. Defendants have secured new counsel for this appeal.

duty fully, and it requires strong and convincing proof to overcome this presumption. *Hollon v. State,* (1980) Ind., 398 N.E.2d 1273; *Smith v. State,* (1979) Ind., 396 N.E.2d 898.

The record demonstrates in this case that trial counsel zealously represented the interests of both defendants. He initiated pretrial discovery on behalf of each client, made numerous objections during trial, filed several motions, conducted extensive cross–examination, and presented a lengthy case for the defense, including alibi evidence for both defendants. There was no violation of defendants' sixth amendment right to effective assistance of counsel.

### IV.

█ Prior to trial, the state's motion in limine was granted which, in accordance with Indiana's Rape Shield Law, Ind.Code § 35–1–32.5–1 (Burns 1979 Repl.), prevented the defense from introducing specific instances of the older stepdaughter's past sexual conduct, opinion evidence of her past sexual conduct, and reputation evidence of her past sexual conduct. At trial, the defense called a witness who, according to the offer of proof, would have testified that the older stepdaughter, C.S., made a bet with her that she (C.S.) could "take her father to bed" before the witness could. The trial court sustained the state's objection to the testimony.

Arguably, this evidence does not fall within the statute prohibiting references to the victim's "past sexual conduct." *See Hall v. State,* (1978) Ind.App., 374 N.E.2d 62. However, it was inadmissible for another reason.

The testimony would obviously have impeached the victim's credibility concerning her claim that she was compelled by force to have intercourse with Robert Jr. However, consent was never an issue at trial. Rather, pursuant to his notice of alibi, Robert Jr.'s entire defense was that the act of intercourse simply did not occur. His testimony adhered to that defense as did the corroborative testimony of witnesses called on his behalf.

█ Consent not being at issue, the testimony was properly excluded as being irrelevant. *Critchlow v. State,* (1976) 264 Ind. 458, 346 N.E.2d 591. The rulings of a trial judge on the relevancy of evidence are accorded wide latitude. *Brames v. State,* (1980) Ind., 406 N.E.2d 252; *Williams v. State,* (1979) Ind., 387 N.E.2d 1317. There was no error in the trial court's ruling.

### V.

Defendants next contend that the evidence is insufficient to support the jury verdicts. It is well recognized that in reviewing the sufficiency of the evidence, this Court will not weigh the evidence nor determine the credibility of witnesses but will only view the evidence most favorable to the state and the logical inferences to be drawn therefrom. If there is substantial evidence of probative value to establish every element of the crime, the verdict will not be disturbed. *Norris v. State,* (1979) Ind., 394 N.E.2d 144; *Hill v. State,* (1979) Ind., 394 N.E.2d 132.

█ Defendant Robert Sr. asserts that the evidence is insufficient to support his conviction of a class A felony. The type of child molesting with which Robert Sr. was charged is normally a class B felony but becomes a class A felony when it is committed "by using or threatening the use of deadly force, or while armed with a deadly weapon." Ind.Code § 35–42–4–3(a) (Burns 1979 Repl.). B.A.S. testified that she did not want Robert Sr. to perform oral sex upon her but that she was afraid because "they" threatened to kill her. She also testified that Robert Jr. brought her to Robert Sr.'s house and that nobody else was home. Therefore, the jury could easily have inferred that Robert Sr. had threatened the use of deadly force in the commission of this crime so as to make it punishable as a class A felony.

█ The rest of defendants' arguments merely invite us to reweigh the evidence and to judge the credibility of the victims' testimony vis–a–vis the testimony of the

alibi witnesses. This, of course, we cannot do. It is well established that convictions for these offenses may rest upon the uncorroborated testimony of the prosecuting witness if such was sufficient to convince the trier of facts beyond a reasonable doubt of the defendant's guilt. *Borden v. State,* (1980) Ind., 400 N.E.2d 1368; *Tapp v. State,* (1971) 256 Ind. 422, 269 N.E.2d 367; *Woods v. State,* (1968) 250 Ind. 132, 235 N.E.2d 479. The victims' testimony here satisfied the essential elements of all the crimes charged. The evidence is sufficient to sustain the convictions.

### VI.

■ Defendant Robert Jr. contests his sentencing for the child molesting and incest of B.A.S. on the grounds that it constitutes double punishment for a single act. He cites *Elmore v. State,* (1978) 269 Ind. 532, 382 N.E.2d 893, in support of his argument. In *Elmore,* this Court noted that the double jeopardy clause of the fifth amendment prohibited multiple punishment for the same offense. The focus of a proper double jeopardy analysis was said to be whether or not the offenses were the same, not whether the offenses sprung from the same act or operative circumstances. We quoted *Blockburger v. United States,* (1932) 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, for the appropriate test to be used in determining whether offenses are the same under this double jeopardy inquiry:

> " 'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.' " 269 Ind. at 534, 382 N.E.2d at 895.

For purposes of this *Blockburger* test, a lesser included offense is considered the same as the greater offense. *Hill v. State,* (1979) Ind., 394 N.E.2d 132; *Deaton v. State,* (1979) Ind., 389 N.E.2d 293.

Upon examining the relevant statutes and the allegations contained in the charging instrument, it is apparent here that neither of these crimes can be deemed a lesser included offense of the other. *Thomas v. State,* (1970) 254 Ind. 600, 261 N.E.2d 588. The offenses are not the same within the meaning of *Blockburger.* Incest requires proof of a certain family relationship. Ind.Code § 35–46–1–3 (Burns 1979 Repl.). Child molesting does not. Conversely, this type of child molesting requires proof that the victim was less than twelve years of age. Ind.Code § 35–42–4–3(a) (Burns 1979 Repl.). Incest does not. There was no error in sentencing defendant Robert Jr.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.