Don C. COX, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 280S49.

Supreme Court of Indiana.

May 5, 1981.

Perry H. Harrold, Wilson, Coleman & Roberts, James H. Voyles, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

In a trial by jury, Defendant (Appellant) was convicted of four (4) counts of Robbery, Class B felonies, Ind. Code § 35–42–5–1 (Burns 1979), one (1) count of Attempted Robbery, Class A felony, Ind. Code §§ 35–42–5–1, 35–41–5–1 (Burns 1979), and one (1) count of Murder, Ind. Code § 35–42–1–1(2) (Burns 1979). He was sentenced to ten (10) years imprisonment upon each of the Robbery convictions, to forty (40) years imprisonment upon the Attempted Robbery conviction and to fifty (50) years imprisonment upon the Murder conviction. This direct appeal presents the following issues:

(1) Whether the trial court erred in denying the defendant's motion to suppress certain evidence obtained by interrogation of himself and three other men;

(2) Whether the trial court failed to enforce the defendant's rights under Ind.R. Crim.P. 4;

(3) Whether the trial court erred in denying the defendant's motion to prohibit the testimony of a State's witness;

(4) Whether the trial court erred in denying the defendant's motion to suppress his own statement;

(5) Whether the trial court erred in ordering the fingerprinting of a defense witness;

(6) Whether the trial court erred in giving preliminary instruction No. 8;

(7) Whether the trial court erred in refusing Defendant's tendered final instructions Nos. 2, 3, 5, 6, 9, 10, 12 and 13;

(8) Whether the trial court erred in denying the defendant's motion for a mistrial;

(9) Whether the trial court erred in denying the motion to correct error grounded upon allegedly newly discovered evidence; and

(10) Whether there was sufficient evidence to sustain the verdict.

Additionally, Defendant has asked for clarification of his sentences.

\* \* \* \* \* \*

## ISSUE I

Prior to trial, the defendant moved to suppress the testimony of and or evidence from the defendant, Kevin Edmonds, Paul Rowley and Michael Daniels. The motion was based upon the allegations that these men had been questioned by the police soon after the incidents at bar; that the sessions had been tape-recorded; and that the tapes had been subsequently reused. The defendant contended that the reusing of the tapes amounted to a wilful or negligent destruction of material evidence and that therefore, no evidence/testimony should flow from the four men. Following a full evidentiary hearing, the trial court denied the motion, ruling that the defendant did not demonstrate materiality.

Defendant has not persuaded us that he was, in any way, harmed by the denial of his motion. The record discloses that neither Rowley, nor Daniels testified in the case. Further, the defendant did not object to the testimony of Edmonds at trial. Also, although the tapes were not available to the defendant, it does not appear that he was thereby harmed. He did have access to a summary of one of the statements and a copy of a transcription of the other, and he thoroughly cross examined the witness. Finally, the defendant testified in his own behalf, and while it may be interpreted that he objected to the use of his statement to the police for impeachment purposes upon cross-examination, it also appears that he did have a copy of the statement. Under these circumstances, it is difficult to determine Defendant's allegation of error. He had access to his own statement and to those of Edmonds. There is no basis for holding that the trial court erred in denying Defendant's motion to suppress.

## ISSUE II

The defendant next contends that the trial court erred in denying his motions under Ind.R.Crim.P. 4. While the defendant was arrested on February 6, 1978, an

information was not filed against him until February 14, 1978. Thus, the State had until February 14, 1979, to bring the defendant to trial. Ind.R.Crim.P. 4(C). In this case, the jury was not sworn until April 18, 1979. The extraordinary delay of sixty-three (63) days must therefore be accounted for.

The defendant's argument is two-pronged: first, that the trial court erred in failing to order his release from jail when he was not brought to trial within six months of the date the charges were filed against him, see Ind.R.Crim.P. 4(A); and second, that the trial court erred in denying his motion for discharge because of the failure to bring him to trial within one year of the date the charges were filed against him, see Ind.R.Crim.P. 4(C). Both facets of the argument are without merit.

■ As to the defendant's assignment relative to Ind.R.Crim.P. 4(A), it is well-settled that a violation of that section presents nothing on appeal. *See, e. g., Fryback v. State,* (1980) Ind., 400 N.E.2d 1128; *Collins v. State,* (1977) 266 Ind. 430, 364 N.E.2d 750; *Lewis v. State,* (1976) 264 Ind. 288, 342 N.E.2d 859.

■ Proceeding to the defendant's assignment relative to his motion for discharge under Ind.R.Crim.P. 4(C), that section provides:

Defendant discharged. No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Any defendant so held shall, on motion, be discharged.

As mentioned hereinbefore, the defendant was not brought to trial for sixty-three days beyond the expiration of the one year period. However, a delay of at least seventy-one days was attributable to the defendant. First, on June 22, 1978, he filed a motion for a change of venue. The motion was granted and the case subsequently transferred to Hancock County, where the transcript was duly received and docketed on July 28, 1978: a delay of thirty-six days. *See Nettles v. State,* (1975) 164 Ind.App. 205, 327 N.E.2d 625. *See also State ex rel. Garvin v. Dearborn Circuit Court,* (1972) 257 Ind. 631, 277 N.E.2d 370; *State v. Grow,* (1970) 255 Ind. 183, 263 N.E.2d 277. Second, on August 31, 1978, the defendant filed a "joint" motion for continuance of the September 5, 1978 trial date. The motion was granted and trial was reset for October 10, 1978: a delay of thirty-five days. Because seventy-one days of the delay were attributable to the defendant, the trial court did not err in denying Defendant's motion for discharge.

### ISSUE III

■ The defendant asserts that the trial court erred in denying his motion to prohibit a State's witness from testifying. The witness was Kevin Edmonds, one of the defendant's accomplices in the criminal events at bar. Early in the case, Edmonds had been represented by an attorney who subsequently withdrew to become associated with the Prosecutor's office. Thereafter, Edmonds was represented by an attorney who formerly had been associated with the Prosecutor's office. Defendant submits that these facts demonstrate a conflict of interest severely discrediting Edmonds' testimony.

While we agree with the defendant that Edmonds' representation by these two lawyers bore upon his credibility, we can not say that he should have thereby been precluded from testifying. The witness' representation by these two lawyers was a proper subject for cross-examination and argument, and there has been no showing that it had any relevancy other than as to Ed-

monds' credibility. As such, there was no basis for excluding the witness' testimony. *Cf. Brown v. State*, (1979) Ind., 385 N.E.2d 1148 (Prentice, J., dissenting) (*Defendant's counsel had previously worked on the case as a deputy prosecutor*).

## ISSUE IV

■ The defendant next contends that the trial court erred in denying his motion to suppress his own statement to the police. In support thereof, he asserts that he was intoxicated when the statement was given, thereby rendering it involuntary. We do not agree.

Initially, we note that the record indicates that the defendant was not in the "custody" of the police when he gave the statement in question. Moreover, under the totality of circumstances then existent, there was a reasonable basis for the trial court's denial of the motion, in that several police officers testified that the defendant was not then intoxicated. Accordingly, the contention is without merit. *See Jackson v. State*, (1980) Ind., 411 N.E.2d 609; *Feller v. State*, (1976) 264 Ind. 541, 348 N.E.2d 8.

## ISSUE V

■ At trial, the defendant's mother, Jane Flynn, testified in his defense. Upon cross-examination, she was asked whether she had ever been arrested and convicted of a crime, and she responded in the negative. Upon rebuttal, the State sought and obtained an order from the trial court, over objection, compelling the fingerprinting of Flynn. The purpose of this was to establish that the witness was the same person as one Jane Carruthers who had been convicted of shoplifting in 1967. Defendant assigns error to the fingerprinting as an improper technique of impeachment. We see no error here. The State was entitled to impeach the witness by showing that she had previously been convicted of the crime of shoplifting. She denied that she had been so convicted, but acknowledged that she had previously been known by the name Jane Carruthers. Jane Carruthers had been convicted of shoplifting, hence the is-

sue of whether the witness and Carruthers were one and the same person became relevant.

■ Defendant also argues that evidence of prior convictions that occurred more than ten years previously should not be admitted for impeachment purposes, citing Fed.R. Evid. 609. While the rule does support the proposition, it does not apply in Indiana State Courts, and our case law runs contrary to the Federal Rule. *Hall v. State*, (1976) 167 Ind.App. 604, 339 N.E.2d 802.

## ISSUE VI

The defendant contends that the trial court erred in giving preliminary instruction No. 8 dealing with reasonable doubt. Specifically, he asserts that the instruction was incomplete in that it did not inform the jury that the State carried the burden of proof. The assertion is without merit.

■ Instructions are to be considered with reference to each other and as an entirety. *E.g. Ferrier v. State*, (1977) 266 Ind. 117, 361 N.E.2d 150. In this case, preliminary instruction No. 7 properly advised the jury concerning the State's burden of proof.

## ISSUE VII

The defendant next assigns error to the trial court's refusal to give certain tendered instructions. The assignment is without merit.

■ Defendant first complains that his tendered final instruction No. 2, which dealt with prior inconsistent statements, should have been given. However, the trial court gave an instruction on such subject which fully comported to the law. No error is presented when a trial court refuses an instruction, although correct, the substance of which is covered by instructions given. *Tolbert v. State*, (1979) Ind., 391 N.E.2d 823.

■ Defendant next complains that his tendered final instruction No. 3, which dealt with the voluntariness of an admission to the police, should have been given. The trial court did give an instruction No. 8

which dealt with an admission, but it neither informed the jury that it was the final determiner of voluntariness, nor did it enumerate the factors to be considered in making the determination.

As enumerated in Issue IV, *supra,* there was a reasonable basis for the trial court's ruling that the defendant's statement (admission) was voluntary. In fact, there may have been no basis for concluding that the defendant was intoxicated when he made it. Further, the defendant has not demonstrated to us that anything in the statement was inculpating. Under these circumstances, we can not say that the trial court committed reversible error by refusing the tendered instruction.

■ Defendant next complains that his tendered final instruction No. 5, which dealt with the testimony of an accomplice and the caution a jury should use when considering such testimony, should have been given. However, the court did give an instruction No. 7 dealing with the accomplice testimony. Said instruction stated that such testimony should be weighed in the same manner as the testimony of any witness. We do not perceive this as being error, for the defendant's tendered instruction would have unduly disparaged the testimony of a particular witness, *i. e.* Kevin Edmonds. *Morris v. State,* (1977) 266 Ind. 473, 364 N.E.2d 132, *cert. denied,* 434 U.S. 972, 98 S.Ct. 526, 54 L.Ed.2d 462. *See Lewis v. State,* (1976) 264 Ind. 288, 342 N.E.2d 859. *See also Hackett v. State,* (1977) 266 Ind. 103, 360 N.E.2d 1000.

Defendant further contends that his tendered final instructions Nos. 6, 9, 10, 12 and 13 should have been given, as they correctly stated the law. However, these contentions are not supported by cogent argument or citation of authority; and present nothing for review. Ind.R.App.P. 8.3(A)(7).

## ISSUE VIII

Error is assigned with reference to the trial court's denial of defendant's motion for a mistrial. Apparently, the motion was made during the State's opening statement and was premised upon alleged misconduct.

However, the record does not contain the opening arguments, and there, therefore, is nothing before us to review. *See, e. g., Lax v. State,* (1981) Ind., 414 N.E.2d 555; *Hill v. State,* (1977) 267 Ind. 411, 370 N.E.2d 889.

## ISSUE IX

The defendant next submits that the trial court erred in denying his motion to correct error because of newly discovered evidence. This assignment is based upon the testimony of one Ken Lloyd, given at the hearing on the motion to correct error. Lloyd was not only a cellmate of the accomplice-Edmonds in the Marion County jail, but was also an acquaintance of the defendant. He testified that he was interviewed by the police and a prosecutor on April 11, 1979, and related that at that interview he had said that he had driven by the defendant's home on the day the crime occurred, that he had seen Defendant's car and that the car had snow on it. Further, he testified that when he and Edmonds were cellmates, Edmonds did not appear to know the facts of the instant case and had repeatedly asked him about them. Finally, Lloyd testified that the prosecutor had offered to recommend a two (2) year sentence for him, if he would talk about the defendant.

Defendant first contends that the State acted improperly in failing to inform him of the April 11th interview, in light of a continuing discovery order. He claims that Lloyd's testimony was exculpatory, because of the statement regarding the presence of Defendant's car at home on the day in question. However, the prosecutor who interviewed Lloyd on April 11 also testified at the hearing on the motion to correct error, and he stated that Lloyd had not said anything about the defendant's car during the interview.

■ Defendant also contends that Lloyd's testimony was sufficient to establish the discovery of new evidence and hence his entitlement to a new trial. We disagree.

■ In order for a defendant to prevail upon the basis of newly discovered evidence, he must establish

" '(1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result.' "

*Bryant v. State*, (1979) Ind., 385 N.E.2d 415, 421 (quoting *Tungate v. State*, (1958) 238 Ind. 48, 54–55, 147 N.E.2d 232, 235, 236) (other citations omitted).

In this case, the "newly discovered evidence" was merely impeaching of the testimony of one of the State's witnesses. *Mavrick v. State*, (1965) 247 Ind. 77, 210 N.E.2d 426. Additionally, it was not of the genre which probably would produce a different result on retrial. For these reasons, the trial court did not err in refusing the defendant a new trial. *Norris v. State*, (1976) 265 Ind. 508, 356 N.E.2d 204; *Bradburn v. State*, (1971) 256 Ind. 453, 269 N.E.2d 539.

## ISSUE X

■ The defendant's final assignment is that there was insufficient evidence to sustain the verdict. In support thereof, he claims that the sole inculpatory evidence was supplied by accomplice-Edmonds and that, in view of that witness' interest in the case, no reasonable jury could have relied upon his testimony.

Squarely meeting the defendant's submission is our recent decision in *Bentley v. State*, (1981) Ind., 414 N.E.2d 573. There, as here, the only person who connected the defendant to the crime was an accomplice. In finding the evidence against Bentley to be sufficient, we stated:

"The defendant's claim of insufficient evidence is a challenge to the credibility of the witness, Craig, without whose testimony the defendant could not be connected to the crimes. He contends that because of Craig's prior convictions and that his testimony was bargained for, it was unworthy of belief. The credibility of witnesses, however, is to be judged by the trier of facts, not by courts of review. Although we have, in a few instances determined that the evidence was insufficient because the only incriminating evidence was inherently unbelievable, we do not find this to be such a case. The jury was aware of the witness' prior criminal record and of the benefits flowing to him in exchange for his testimony. Unquestionably, those elements rendered his veracity suspect, but they are in a better position than are we to make the credibility determination. We cannot say that a reasonable man could not believe the witness' testimony to be true." *Id.* at 574 (citations omitted).

We can discern no difference between this case and *Bentley*.

Defendant was sentenced as follows:

"The Court having heretofore entered judgments of conviction on the verdicts of the jury in this cause now sentences the defendant to the care and custody of the Indiana Department of Corrections as follows: Count 1, Robbery, a B Felony, ten (10) years; Count 2, Felony Murder, fifty years (50); Count 3, Robbery, a B Felony ten (10) years; Count 4, Robbery, a B Felony, ten (10) years; County 5, Robbery, a B Felony, ten (10) years; and Count 6, Attempted Robbery, an A Felony, forty (40) years. The Court further finds, adjudges and decrees that the defendant shall serve the sentences for Counts 1, 3, 4 and 5 in this cause concurrently with one another and that he shall serve the sentences for Counts 2 and 6 consecutively."

■ It is clear from the above that the four sentences for robbery are to be served concurrently with each other. It is not clear, however, whether the sentences for murder and attempted robbery are to be served consecutively, one to the other, or consecutively, to the robbery sentences, or if they are to be served concurrently with each other but consecutively to the robbery

**1286**

sentences. The cause is therefore remanded for clarification of the sentence. In all other respects, the judgment of the trial court is affirmed.

· GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.