**James W. DUNN, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1184S462.

Supreme Court of Indiana.

April 23, 1987.

Charles Gregory Read, Office of Public Defender, Jeffersonville, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of Attempted Robbery, a Class A felony, and Battery, a Class C felony. Appellant was sentenced to thirty-eight (38) years on the attempted robbery charge and to five (5) years on the battery charge, the sentences to run concurrently.

The evidence presented to the jury is as follows: On October 12, 1983, appellant came to the home of Carrye Vincent. Appellant was well-known to Vincent. On the occasion in question, appellant was carrying a puppy which he had found. As Vincent stooped to give the puppy water, appellant struck her on the back of the head with a wooden club. Appellant continued to hit Vincent, striking her on the left shoulder, on her arms and elbows and on her left heel and ankles.

In the ensuing struggle, Vincent wrested the club from appellant, whereupon he immediately began choking her. When Vincent screamed, appellant told her that if she did not stop screaming he would kill her. Appellant told the victim that he wanted money. She told him that she had about $4.00 and that he was welcome to it if he would leave her alone. However, he grabbed her by the hair and dragged her to a pit about one hundred feet from the house. Some of Vincent's hair was pulled from her head. During the struggle, Vincent tore appellant's tee shirt.

Immediately following the attack, appellant told Vincent he attacked her because he had prescriptions in his pocket for drugs but did not have the money to have them filled. He told Vincent if she called the police he would kill her and then he would kill himself, whereupon he walked down a railroad track toward New Albany. Police officers apprehended appellant in New Albany a short time later.

Appellant claims the trial court erred in failing to release him on his own recognizance pursuant to Ind.R.Cr.P. 4(A). He combines this allegation with the claim that the trial court erred in denying his motion for change of judge filed immediately after the court's ruling on his motion for release.

■ It is appellant's position that he had been held for over six months after his arrest without being brought to trial and that under the rule he was entitled to be released on his own recognizance. This of course is true but it is not a matter to be raised on appeal. Assuming for the sake of argument that the trial judge was in error in refusing to release appellant on his own recognizance, the matter became moot when appellant was brought to trial. *Cox v. State* (1981), 275 Ind. 688, 419 N.E.2d 1279. The failure to bring appellant to trial within six months after his arrest is not grounds for reversal of his conviction.

■ Appellant claims the court's erroneous ruling on his motion for release demonstrated prejudice on the part of the trial judge; therefore, he should have obtained a change of judge. We first note that appellant's motion was not verified or accompanied by an affidavit as required by Ind.R.Cr.P. 12. We further observe that the ruling of the trial judge on appellant's motion for release does not in and of itself establish bias or prejudice on the part of the trial judge. *Clemons v. State* (1981), Ind., 424 N.E.2d 113. We see nothing in this record to indicate error in the denial of motion for change of judge.

Appellant claims the trial court erred in admitting State's Exhibit No. 1 into evidence. The exhibit was tendered as the wooden club which appellant used to strike the victim on the head. Appellant argues the exhibit was introduced without a showing of a proper chain of custody or any showing that it was connected with the cause. We find both of these contentions to be unfounded.

■ Following the assault and upon arrival of the police officers, the victim took a police officer to a place in the yard and pointed to the club which she stated was used to strike her. The officer picked up the club, which was eventually turned over to another officer at the scene where it was tagged and marked for future reference. The State is not required to negate every remote possibility of tampering. Even if we would assume for the sake of argument that such a possibility did exist

in this case, it falls far short of rising to the degree that would necessitate the exclusion of the exhibit. *See Arnold v. State* (1982), Ind., 436 N.E.2d 288. The fact is the record clearly demonstrates an unbroken chain of custody from the victim's yard to the police station to the courtroom. There is no error in this regard.

Appellant claims the trial court erred in denying his motion for a directed verdict at the close of the State's evidence, claiming that there was insufficient evidence to support the conviction. Appellant contends there is no evidence that he struck the victim with a club because the victim testified she did not see him hit her.

The evidence was that the victim was bent over petting the puppy when she was struck on the back of the head. When she was asked on cross-examination if she saw appellant strike the blow, she said she did not. This should not come as a great surprise to anyone in that it is highly unlikely that anyone bending over close to the ground would see anyone striking them in the back of the head. The record is replete with evidence to support the jury's conclusion that appellant did in fact strike the victim with the club.

He also contends there is a lack of evidence that State's Exhibit No. 1 was the club which was used to strike the victim, in that she testified it was "[l]ike the club that he was hitting me with." Appellant's contention in this regard merely asks us to reweigh the evidence submitted to the jury, which of course we will not do. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

Appellant claims there are discrepancies between what the victim told the police immediately following the attack and what she testified to at the trial. When confronted with this possibility on cross-examination, the victim stated that the experience was terribly traumatic for her and it was possible that she did not state things to the police in the same manner in which she now recalled them. This explanation was presented to the jury and it was their prerogative to weigh such testimony and determine the credibility to be afforded it. *Id.*

Appellant apparently takes the position we should reweigh the evidence and believe his story rather than the victim's, his story being that when he approached the victim's house carrying the puppy one of her dogs attempted to attack him and that when he kicked at the dog to ward it off it enraged the victim and she attacked him. This again was a matter for the jury to consider and weigh. They were within their province to observe that the victim had multiple abrasions and injuries following the encounter, whereas the only damage suffered by appellant was a torn tee shirt. This hardly supports appellant's contention that all he did was protect himself from the attack by the victim. There is ample evidence in the record to support the jury's finding that it was appellant who attacked the victim.

Appellant claims the trial court erred in sentencing him to imprisonment for thirty-eight (38) years upon the conviction of attempted robbery. The judge imposed the presumptive sentence of thirty (30) years, to which he added eight (8) years by reason of aggravating circumstances, which he articulated including the nature of the attack and the fact that appellant had a prior conviction for a similar attack on another person. This Court will not review a sentence on appeal unless it is found to be so manifestly unreasonable that no reasonable person could find the sentence appropriate to the offender. Ind.R.App.R.Sen. 2; *Williams v. State* (1979), 271 Ind. 408, 393 N.E.2d 149. We see no reversible error in the sentence imposed by the trial court.

Appellant claims the trial court erred in sentencing him for the battery conviction. He takes the position that the manner in which the attempted robbery was charged and the manner in which the battery was charged described the same acts. It is true, as contended by the State, that battery is not necessarily an included offense of the crime of robbery. *See Garcia v. State* (1982), Ind.App., 433 N.E.2d 1207. However, in the case at bar the

allegation of facts to support the charge of attempted robbery was the battery. We therefore hold that the battery was included in the attempted robbery charge and that it was error to sentence appellant separately on the battery conviction. *Tawney v. State* (1982), Ind., 439 N.E.2d 582.

This case is therefore remanded to the trial court for the purpose of setting aside the separate conviction of battery.

The trial court is in all other things affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.