974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James W. DUNN Petitioner-Appellant,
v.
Jack R. DUCKWORTH, and the Indiana Attorney General,
Respondents-Appellees.
 No. 92-1764.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 5, 1992.
Decided Aug. 25, 1992.
 
 Before POSNER and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 This is our second review of James W. Dunn's 28 U.S.C. § 2254 habeas corpus petition. We first reviewed the denial of his petition in April 1990, affirming on all grounds except petitioner's Sixth Amendment speedy trial claim. Dunn v. Duckworth, No. 88-2688 (7th Cir. April 26, 1990). We remanded in part for an evidentiary hearing on only that issue. After the hearing the petition was denied again. Dunn appeals that decision.
 
 I.
 
 2
 Dunn was arrested for attempted robbery, attempted murder and battery (the attempted murder charge was later dropped). Dunn had a preliminary hearing two days later, where he was appointed counsel and his trial date was set for January 4, 1984. Believing that the date was still good, Dunn's witness showed up at court on January 4. The trial, however, had been cancelled and not rescheduled. Approximately four months later, Dunn filed a motion pursuant to Indiana Criminal Rule 4(A). Rule 4(A) states that if a defendant is in jail for six months without a trial, and the appropriate continuance procedures have not been followed with the court, the defendant shall be released on his own recognizance, but must still answer to the criminal charge if tried within the appropriate time limit. In the motion, Dunn asked to be released on his own recognizance. The motion was denied. After his motion was filed, the state moved to set a trial date, and the trial was ultimately held in June 1984. Dunn was convicted of both counts. When reviewing Dunn's appeal, the Indiana Supreme Court stated that "It is appellant's position that he had been held for over six months after his arrest without being brought to trial and that under the rule he was entitled to be released on his own recognizance." They held that because the argument was first raised on appeal, Dunn could not prevail. Even if he had raised it first to the trial court, the Indiana Supreme Court stated that the issue was mooted when Dunn was actually brought to trial. The court never specifically addressed a United States Constitutional speedy trial issue. Dunn v. Indiana, 506 N.E.2d 822, 823 (Ind.1987).
 
 
 3
 Dunn filed a petition for a writ of habeas corpus seeking, inter alia, relief for an alleged violation of his Sixth Amendment right to a speedy trial. The district court denied the petition. We affirmed in part, and vacated and remanded in part. We stated that the eight months in which Dunn had been incarcerated between his arrest and trial were presumptively prejudicial, and returned the case to the district court for an evidentiary hearing on the speedy trial issue. Dunn v. Duckworth, No. 88-2688 (7th Cir. April 26, 1990). At that juncture the state, for the first time, argued that Dunn's Rule 4(A) motion was not a demand for a trial--a requirement before speedy trial rights are implicated. The district court refused to consider this argument on the remand because it had not been raised in the initial presentation to the court.
 
 
 4
 The district court made evidentiary findings that the state trial was continued until June 1984 because of a congested court calendar. The district court also learned that while incarcerated, Dunn suffered from a collapsed lung and needed a prostate operation. He was unable to have the operation in the prison during pretrial detention, and had to wait until his post-conviction transfer to another facility before receiving the necessary surgery. Last, the district court heard testimony from the defendant and counsel that two alibi witnesses who were available on the January trial date had left Indiana by the June trial date, and could not appear. The district court stated that the testimony that would have been given by these witnesses was "somewhat vague", and noted that no witnesses or evidence was produced to support the allegations. The court considered the evidence, and determined that Dunn was not denied his Sixth Amendment right to a speedy trial. This appeal followed.
 
 II.
 
 5
 The Sixth Amendment right of the accused to a speedy trial is gauged by four factors set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182 (1972). To trigger the speedy trial analysis, the accused must allege that the interval between accusation and the trial is presumptively prejudicial. Doggett v. United States, 112 S.Ct. 2686, 2690 (June 24, 1992). The delay tolerated for an ordinary street crime is less than the delay tolerated for a serious, complex conspiracy charge. United States v. Koller, 956 F.2d 1408, 1413 (7th Cir.1992). In this case, our first unpublished order acts as law of the case. See Cir.Rule 53(2)(b)(iv); In the Matter of the Oil Spill of the Amoco Cadiz, 954 F.2d 1279, 1291 (7th Cir.1992). In that order, we held that the eight-month period that Dunn was incarcerated prior to his trial was presumptively prejudicial. See Koller, 956 F.2d at 1413 (eight and one-half month delay between arrest and trial presumptively prejudicial). On remand, the district court discussed the Rule 4(A) motion, then considered the remaining Barker factors: the reason for delay; prejudice to the defendant; and the defendant's assertion of the right to a speedy trial. These factors individually are neither necessary or sufficient to a finding of a deprivation of the speedy trial right. Barker, 407 U.S. at 533, 92 S.Ct. at 2193.
 
 A. Assertion of Right to Speedy Trial
 
 6
 As we stated, Dunn asserted only his right to be released on his own recognizance pursuant to Indiana Criminal Rule 4(A). Rule 4(A) does not automatically encompass a demand for trial as contemplated by Barker. Fryback v. Indiana, 272 Ind. 660, 662-63, 400 N.E.2d 1128, 1131 (1980). However, the Indiana Attorney General failed to argue that Dunn's motion did not include a demand protecting his speedy trial rights until the remand. Thus the argument of procedural default (for habeas corpus purposes) and of the Barker element (for Constitutional purposes) was waived because the "failure to assert" defense was available at the time the petition was first considered. See Fagan v. Washington, 942 F.2d 1155, 1157 (7th Cir.1991). Given the state's waiver, we accept the conceded proposition we faced previously: that Dunn's Rule 4(A) motion encompassed his speedy trial demand.
 
 B. Reasonable Delay
 
 7
 All parties agree that court congestion led to the eight-month delay in trying Dunn. Although noting that the prosecutor did nothing to reschedule the trial until Dunn filed his Rule 4(A) motion, the district court found no evidence of bad faith in the state's actions, and we review that finding with deference. See Doggett, 112 S.Ct. at 2691. Our review reveals no reason to believe anything more than negligence was at play in Dunn's trial continuance. However, official negligence does not compel relief in every case. Rather, some showing of prejudice may be required in relation to the cause of the delay suffered. Tolerance of negligence is inversely varied with its protractedness and its prejudice to the accused's trial. Id. at 2693.
 
 C. Prejudice
 
 8
 The Supreme Court recently held that actual prejudice is not required to suffer a violation of the Sixth Amendment right to a speedy trial. "Negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice." Doggett, 112 S.Ct. at 2694. Dunn claims three prejudicial effects of his pretrial incarceration.
 
 
 9
 Dunn first argues that he was prejudiced because the two alibi witnesses who were to testify on his behalf on the January trial date were unavailable for the June trial. Trial prejudice is the most serious form of prejudice at stake in receiving a speedy trial. Not only is it most important, but particularized trial prejudice is the most difficult to prove because of the erosion of evidence, including the unavailability of witnesses. Id. Notably, both Dunn and the victim testified at the trial that Dunn was involved in the alleged altercation which led to the criminal charges. No one witnessed the incident, and Dunn disputes only what occurred during the altercation. The district court stated, and we agree, that this purported testimony would have been of little or no benefit to Dunn, and that he suffered no prejudice by not presenting these witnesses.
 
 
 10
 Dunn's next argument is that he was denied necessary surgical procedures due to his incarceration. He claims this failure of treatment resulted in oppressive pretrial incarceration. However, the record reflects no action by Dunn to receive the medical care he alleges he was denied. Dunn finally argues that the delay between his arrest and trial caused him additional anxiety and concern because of his inactive role in pretrial procedures. Dunn testified at the district court hearing that although he was represented by counsel, he had only spoken with his attorney for ten minutes during the eight-month period. He also did not receive copies of papers in connection with his case. Dunn's anxiety and concern seems to be a result of a poor attorney-client relationship than that caused by trial delay.
 
 
 11
 Dunn's allegations do not establish that he suffered prejudice. The delay in Dunn's situation was not enough, without more evidence of prejudice, to result in a speedy trial violation.
 
 III.
 
 12
 The district court decision is AFFIRMED.